Yancey v. The W., St. L. & P. Ry. Co.

YANCEY, *Appellant*, v. THE WABASH, ST. LOUIS &
PACIFIC RAILWAY COMPANY *et al.*

1. Contributory Negligence: RAILROAD: FAILURE TO LOOK. One,
who walks in broad daylight, with an umbrella over him, on a
railroad track, directly in front of a moving car, without looking
for it, when, by looking, he could have seen its approach, and is
killed, is guilty of such contributory negligence as to prevent re-
covery for his death.

2. Railroad: PERSON APPROACHING TRACK: PRESUMPTION. The
brakeman, who was at his place on the car, had the right to pre-
sume, even if he saw the deceased approaching the track, that he
either saw or heard the approach of the car and would not reck-
lessly place himself in front of the same, and this is particularly
the case where the stepping of the deceased on the track and the
collision were simultaneous, so that it was impossible to stop the
car after deceased had put himself in peril.

*Appeal from Hannibal Court of Common Pleas.*—
HON. THEODORE BRACE, Judge.

AFFIRMED.

*R. E. Anderson* for appellant.

(1) The act of impelling a detached car over a thor-
oughfare crossing was, *per se*, *quasi*-criminal negligence.
*Brown v. New York*, 32 N. Y. 597; 6 Am. and E. R.
R. Cas. 125, foot. And so likewise was the creation
therein of a speed greater than the maximum prescribed
by city ordinance; and the deceased being under no
duty to look out for such acts of negligence, could not
be negligent in failing to discover same. There can be
no negligence except in violation of a corresponding
duty. *Langan v. St. Louis*, 72 Mo. 392, 398. (2) The
brakemen on the detached car could not presume that
the public would look out for their *quasi*-criminal negli-

gence, and could not assume that two wayfarers approaching the crossing in obvious ignorance of such danger, would discover it of their own motion, and the actions of the wayfarers, in approaching the track, constituted notice to the brakemen of the imminent peril of said wayfarers, after which the brakemen were guilty of a new and cumulative negligence in not giving oral warning, and also in not using the brake to retard the speed of the car—the car being empty and running up grade and easily retarded, and the deceased being nearly across the track when struck. *Meyers v. Railroad*, 59 Mo. 223, 231; *Kelley v. Hannibal*, 75 Mo. 138; *Werner v. Citizens*, 81 Mo. 368; Wharton on Neg. (2 Ed.) secs. 348, 388. (3) In the violation of several city ordinance provisions on the subject, and in impelling the detached car in lineal travel on a city street, over the thoroughfare crossing without warning or lookout, the defendants became liable irrespective of any inadvertent negligence of the deceased. *Bergman v. Railroad*, 88 Mo. 678; *Keim v. Railroad*, 90 Mo. 314; Sess. Acts, 1881, p. 79; *Huckshold v. Railroad*, 90 Mo. 548. (4) The Missouri Pacific having authorized and consented to the use of its track by Wabash servants and rolling stock, for purposes of cotton transfer, thereby made said Wabash servants *pro hac vice* its own servants and agents, and as said servants were engaged in said so authorized service, the said servants, as to said Missouri Pacific, were not trespassers on the track (*Cousins v. Hannibal*, 66 Mo. 572), although exercising their authority in an improper or forbidden or malicious manner. *Garretzen v. Duenckel*, 50 Mo. 104; *Perkins v. Railroad*, 55 Mo. 201. (5) The track of the Missouri Pacific was a part of the machinery which caused and inflicted the injury. It was an agency, without which the injury could not have occurred. It was furnished by the Missouri Pacific in coöperation with the Wabash for a joint purpose in a common enterprise, and the Missouri Pacific is responsi-

ble for such misuse of its track. The Missouri Pacific was a participant in the transaction. Neither company enjoyed a contractual relation with deceased. *Smith v. Railroad*, 85 Mo. 418; *Farley v. St. Louis*, 72 Mo. 338. It was the duty and business of the Missouri Pacific to see that its track crossing should be safe. (6) The Missouri Pacific could not impose or use its track on a public street, except in the exercise of a public franchise. It could not delegate to any one, responsible or irresponsible, the liability for misuse of such franchise or track. Such delegation would be *ultra vires*. It must be liable, either as principal or guarantor.

*H. S. Priest* and *Geo. S. Grover* for respondents.

(1) The negligence of Jeremiah Yancey in failing to look or listen for the approaching car was the proximate cause of his death, and destroyed plaintiff's right to recover in this action. *Harlan v. Railroad*, 64 Mo. 480; *Moody v. Railroad*, 68 Mo. 470; *Henze v. Railroad*, 71 Mo. 636; *Purl v. Railroad*, 72 Mo. 168; *Lenix v. Railroad*, 76 Mo. 68; *Powell v. Railroad*, 76 Mo. 80; *Hickson v. Railroad*, 80 Mo. 335; *Taylor v. Railroad*, 86 Mo. 457; *Kelley v. Railroad*, 88 Mo. 534. (2) As Yancey was struck and killed by the car simultaneously with his stepping upon the track in front of it, no negligence can be imputed to the brakeman in charge of the car. He was not required to stop the car until Yancey's danger was discovered. That danger did not exist until it was too late to avert it. *Cagney v. Railroad*, 71 Mo. 484; *Harlan v. Railroad, supra; Kelley v. Railroad*, 75 Mo. 138; *Nelson v. Railroad*, 68 Mo. 593. (3) The Wabash, St. Louis & Pacific Railway Company is primarily and solely liable in this case, if any liability exists. The mere fact that the track where Yancey was killed belonged to the Missouri Pacific Railway Company does not render that company responsible in any

manner for this casualty. So far as this action is con-
cerned, the Wabash, St. Louis & Pacific Railway Com-
pany was, in the eye of the law, the owner of the track
at the point where the accident occurred. Pierce on Rail-
roads [Ed. 1881] 282; *Fletcher v. Railroad*, 1 Allen,
9; *Proctor v. Railroad*, 64 Mo. 112; *Farley v. Rail-
road*, 72 Mo. 338; *Seymour v. Railroad*, 3 Bissell, 43;
*Stettler v. Railroad*, 46 Wis. 497; *Railroad v. Campbell*,
86 Ill. 443; *Haff v. Railroad*, 14 Fed. Rep. 558.
(4) When the rule obtained that a railway company
could not lease its property [it was then held that the
owner was liable for all casualties happening in its ope-
ration. But our statutes, authorizing the leasing of rail-
ways and compelling them to connect and receive each
other's cars, loaded or empty, etc., has changed the rea-
son of the old rule, and hence the rule itself. R. S., sec.
790; *Railroad v. Barron*, 5 Wallace, 90; *Railroad v.
Dunbar*, 20 Ill. 624; *Railroad v. Whipple*, 22 Ill. 105.

NORTON, C. J.—This is an action to recover dam-
ages for the killing of plaintiff's husband, occasioned,
as alleged in the petition, by the negligence of defend-
ants, in operating its cars on First street, in the city of
Hannibal. The answer, besides being a general denial,
set up contributory negligence on the part of deceased.
On the trial, the court, at the close of plaintiff's
evidence, instructed the jury that, under the pleadings
and evidence, plaintiff was not entitled to recover.
Under the instructions of the court, the jury returned a
verdict for defendants, upon which judgment was en-
tered, and from this judgment plaintiff has appealed,
and assigns for error the action of the court in sustaining
a demurrer to the evidence.

It appears, from the record, that two or more rail-
road tracks were laid on First street, in the city of
Hannibal, and that Mr. Yancey, the husband of plain-
tiff, was, on the fifth of July, 1881, killed on one of

these tracks by being struck and run over by a box-car, which had been shunted or kicked by a switch-engine; that, on top of said car, a brakeman was on his place at the north end of the car, which was moving at the speed of about ten miles an hour, and that, by ordinance, the speed of trains was fixed at six miles an hour. It is shown, by the evidence, that said Yancey had resided in the city of Hannibal for many years and was well acquainted with the movements of trains in that locality; that he had been, for a long period, agent for a packet company, and at the time of the accident, had a boat-house on the bank of the Mississippi river with which said First street ran parallel; that, on the morning of the accident, between eleven and twelve o'clock, Yancey left the boat-house in connection with one Connors; that the day was very hot and sultry; that Yancey had an umbrella hoisted to shield himself from the sun; that he and his companion were engaged in earnest conversation, and were walking west across said First street, and at the moment of stepping upon the railroad track, Yancey was run over and killed by a box-car, coming from the north, which had been shunted or kicked by the engine, as before stated. It is also shown by the evidence of three of plaintiff's witnesses, that Yancey was struck just as they stepped on the track; that his entry on the track and the collision were simultaneous. The evidence also shows that the approach of said box-car was plainly visible to all bystanders; that one of them cried out to Yancey and his companion just before they stepped on the track, the car at that time being about sixty feet from them; that neither Yancey nor his companion, before entering on the track, stopped, looked, or listened for the approaching car.

It is, we think, manifest that the negligence of deceased in walking, in broad daylight, with an umbrella hoisted over him, on the railroad track directly

in front of a moving car, without looking for it, when, by looking, he could have seen its approach, was the immediate and proximate cause of his death, and that negligence cannot be imputed to the brakeman, who was at his place on the car, inasmuch as he had a right to presume, even if he saw deceased approaching the track, that he either saw or heard the approach of the car, and would not recklessly put himself in front of the same; and this is especially so in view of the fact, that the stepping of deceased upon the track, and the collision were so simultaneous, that it was impossible for the brakeman to stop the car after the deceased had thus put himself in peril. The action of the court in sustaining the demurrer to the evidence is fully justified by the following cases: *Harlan v. Railroad*, 64 Mo. 480; *Cagney v. Railroad*, 69 Mo. 416; *Moody v. Railroad*, 68 Mo. 470; *Lenix v. Railroad*, 76 Mo. 86.

Judgment affirmed. All concur.