## MISSOURI PAC. RY. CO v. MOSELEY.

(Circuit Court of Appeals, Eighth Circuit. September 18, 1893.)

### No. 187.

**1.** RAILROAD COMPANIES—LIABILITY TO TRESPASSER — NEGLIGENCE OF PERSON INJURED.

On trial of an action against a railway company for personal injuries it appeared that plaintiff, an adult, while walking, for his own convenience, in defendant's private railroad yard, to avoid an approaching train, stepped between the rails of an adjoining track, whence any object approaching from the rear could be seen for at least 1,000 feet; that he failed to look behind him, and, after proceeding about 300 feet, was struck by an engine, the bell of which was not ringing, as required by a city ordinance. It further appeared that walking upon the tracks in the yard by strangers was forbidden by statute, but that persons did walk on the tracks daily without interference. *Held*, that plaintiff's injury resulted from his failure to exercise ordinary care, and that defendant was not liable.

**2.** SAME—CUSTOMARY USE OF TRACK.

Conceding that the customary use of the yard by strangers amounted to an implied assent of defendant to such use, and placed plaintiff in the position of a licensee, yet his failure to exercise ordinary care in the presence of obvious danger was fatal to his right to recover.

SAME—FAILURE TO RING BELL.

The fact that the roar of a passing train made plaintiff's sense of hearing practically useless, imperatively required of him frequent and diligent use of his eyesight, and consequently his failure to look to the rear amounted to gross negligence.

**4.** SAME—PROXIMATE CAUSE—CONCURRENT NEGLIGENCE.

The act of plaintiff in stepping upon the adjoining track, and continuing to walk thereon without looking behind him, was the primary and efficient cause of the injury, and the failure to ring the bell of the engine was at most concurring or succeeding negligence, which failed to prevent the natural consequences of plaintiff's carelessness, but was not of itself such negligence as would render defendant liable.

**5.** SAME—CONTRIBUTORY NEGLIGENCE.

Where there is concurring negligence of both parties, in cases of personal injuries, the question is not whether the negligence of plaintiff or that of defendant is the more proximate cause of the injury, but whether or not the negligence of plaintiff directly contributed to it.

**6.** SAME—DUTY OF TRIAL COURT—INSTRUCTIONS.

Where the contributory negligence is established by the uncontroverted facts of the case, it is the duty of the court to instruct the jury that plaintiff cannot recover.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

At Law. Actions by Toliver Moseley against the Missouri Pacific Railway Company for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

F. W. Lehmann, (H. S. Priest, on the brief,) for plaintiff in error. Sterling P. Bond, for defendant in error.

Before BREWER, Circuit Justice, and SANBORN, Circuit Judge.

SANBORN, Circuit Judge.    This is a writ of error to reverse a judgment against the Missouri Pacific Railway Company for a personal injury to the defendant.

On a bright afternoon in February, 1891, while Toliver Moseley, the plaintiff below, was walking for his own convenience on one of five parallel railroad tracks in the terminal yards of the Missouri Pacific Railway Company, in the city of St. Louis, Mo., at a point where he could see an object approaching him from the rear for at least a thousand feet, he was overtaken and injured by an engine that was backing down to the depot to take out a train. He sued the railroad company for this injury, and claimed that it was caused by its negligence in three particulars, viz.: First, that the engineer was running at a higher rate of speed than that permitted by an ordinance of the city of St. Louis; second, that the engineer and fireman did not exercise ordinary care in looking out for him, and preventing the accident; and, third, that they were guilty of negligence in failing to ring the bell of the engine, as required by an ordinance of the city of St. Louis. There was testimony to support each of these charges, but the defendant, at the close of the evidence, requested that the jury be instructed to return a verdict in its favor. The court refused this request, and charged the jury that the plaintiff could not recover on account of the speed of the engine, because there was no evidence that its excessive speed was the proximate cause of the injury; that he could not recover for the want of care of the engineer and fireman in failing to look out for or to discover him, and then to prevent the accident, because, if they were negligent in this respect, the plaintiff himself was equally guilty of the same species of neglect in failing to look out for and to discover the approaching engine; but that if the jury found that the bell was not ringing immediately before the accident, that, if it had been, the plaintiff would have heard it, and would have avoided the accident, and that he was at that moment taking such care to hear and to discover trains approaching him from the rear or front as a prudent person in his dangerous situation would have taken, they might return a verdict for the plaintiff. This action of the court is the supposed error complained of.

The rules of law by which this case must be determined are:

(1) In order to maintain an action for negligence, where the injury was not wantonly, maliciously, or intentionally inflicted, it must appear that the negligence of the defendant was the proximate cause of the injury, and it must not appear that the negligence of the plaintiff contributed to that injury.

(2) Where a diligent use of the senses by the plaintiff would have avoided a known or apprehended danger, a failure to use them is, under ordinary circumstances, contributory negligence, and should be so declared by the court.

(3) Where contributory negligence is established by the uncontroverted facts of the case, it is the duty of the trial court to

instruct the jury that the plaintiff cannot recover. Railroad Co.
v. Houston, 95 U. S. 697; Donaldson v. Railroad Co., 21 Minn. 293;
Brown v. Railroad Co., 22 Minn. 165; Smith v. Railroad Co., 26
Minn. 419, 4 N. W. Rep. 782; Lenix v. Railway Co., 76 Mo. 86;
Railway Co. v. Dick, (Ky.) 15 S. W. Rep. 665, 666; Schofield v. Rail-
way Co., 114 U. S. 615, 5 Sup. Ct. Rep. 1125; Aerkfetz v. Hum-
phreys, 145 U. S. 418, 420, 12 Sup. Ct. Rep. 835; Powell v. Rail-
way Co., 76 Mo. 80; Yancey v. Railway Co., 93 Mo. 433, 438, 6 S.
W. Rep. 272; Kelley v. Railroad Co., 75 Mo. 138; Bell v. Railroad
Co., 72 Mo. 50; Turner v. Railroad Co., 74 Mo. 602; Dlauhi v. Rail-
way Co., 105 Mo. 645, 654, 658, 16 S. W. Rep. 281.

The scene of this accident was the private terminal yards of
the defendant in the city of St. Louis. Those yards extend from
Seventeenth street on the east to Twenty-Ninth street on the west.
The city blocks are about 300 feet long. The width of the yard
from north to south does not appear, but at the place of the acci-
dent there were at least five parallel tracks running east and
west. Twenty-Second street crossed these tracks at grade. Be-
tween this street and Twenty-Ninth street, running parallel to
the latter street, were East Jefferson avenue, which crossed the
tracks on a viaduct, and West Jefferson avenue, Twenty-Sixth
street, Twenty-Seventh street, and Twenty-Eighth street, which
abutted upon, but did not cross, the yards at all. On each side
of the yards were graded streets running north and south. Sec-
tion 2611 of the Revised Statutes of Missouri provides that—

"If any person not connected with or employed upon the railroad shall walk
upon the track or tracks thereof, except where the same shall be laid across
or along a publicly traveled road or street, or at any crossing, * * * and
shall receive harm on account thereof, such person shall be deemed to have
committed a trespass in so walking upon said track in any action brought
by him on account of such harm against the corporation owning such rail-
road, but not otherwise."

Notwithstanding this statute, persons were accustomed to walk
on the railroad tracks in these yards daily. There was no evi-
dence, other than this fact, tending to show that the plaintiff or
any other strangers were licensed or given permission to use the
tracks of this yard for a footpath. An ordinance of the city of
St. Louis required the defendant to constantly ring the bells on
its engines while they were moving in these yards, and there was
evidence that the bell on the engine that struck the plaintiff was
not ringing. The plaintiff was an adult, and a stranger to the
company. He went upon the yards at Seventeenth street, and
walked west, over the network of tracks, to some point west of
Twenty-Third street, and there visited a friend of his who was
at work cleaning cars. He then started back, and walked be-
tween two of the five parallel tracks. When he was 150 feet west
of Twenty-Third street he saw a freight train approaching him
from the east, and stepped between the rails of the adjoining track.
From this point to the point where he was struck he could have
seen any object that was approaching him from the rear for a
distance of at least a thousand feet, if he had looked in that direc-

tion. He did not look behind him, but walked on along this track 300 feet, until he was overtaken and injured by the engine at a point some distance east of Twenty-Third street. The tender of the engine, which was backing down to take out a train, was piled high with coal, and neither the engineer nor the fireman saw the plaintiff until after he was injured. It conclusively appears from these facts that the plaintiff, without the defendant's knowledge, and without right, placed himself in an extremely dangerous place upon its tracks; that he knew his danger, and that the defendant did not; that he could still have avoided injury by the use of his eyes with any ordinary degree of care; and that he carelessly neglected to use them, and thereby suffered an injury. Can he be permitted to take advantage of his own carelessness, and to charge the damage he has suffered to the railroad company?

Here were the private yards in a great city of a large transportation system. They were in constant use in making up trains and distributing cars; engines were continually passing over their tracks. The business of the company demanded that these tracks should be used for this purpose, and the statutes of Missouri had wisely declared any interference with this use by a stranger a trespass. Upon this use, untrammeled by unnecessary restrictions, the advancement of commerce, the safety of the traveling public, the rapidity of transportation, and the business success of the company in large measure depended. Must all these wait while the agents of the railroad company carefully watch for, and remove from its tracks, an idle man, who wanders aimlessly there in violation of the law, too careless to turn his head to see whether the proprietor is using its property for the only purpose for which it is designed? That other men had walked there before him is not material here. Conceding all that he claims,—that the customary use of these yards by pedestrians proved the implied assent of the defendant to such use, and placed the plaintiff in the position of a licensee,—still he is not in a position to recover. A license did not relieve him from the duty of exercising ordinary care to protect himself from the obvious dangers from the engines and cars that were moving about him. It certainly gave him no higher right than that of a traveler on a public highway at a railroad crossing. It is the duty of such a traveler to stop and look and listen before he crosses a single track. Every railroad track is a constant warning of danger from the powerful machines that traverse it. The traveler on the public highway who, without looking both ways and listening for the coming locomotive, steps upon the railroad track, and is injured, is guilty of contributory negligence that bars his recovery, even though the railroad company may have been negligent. Railroad Co. v. Houston, 95 U. S. 697; Schofield v. Railway Co., 114 U. S. 615, 5 Sup. Ct. Rep. 1125; McGrath v. Railway Co., 59 N. Y. 469; Rodrian v. Railroad Co., (N. Y. App.) 26 N. E. Rep. 741; and the other authorities cited supra. How, then, can this plaintiff recover when he deliberately stepped upon the track and walked 300 feet without once looking behind him? The fact that the roar of the passing freight

train made his sense of hearing practically useless, made the duty of the frequent and diligent use of his eyes more imperative. Mynning v. Railroad Co., (Mich.) 26 N. W. Rep. 514. If it is contributory negligence that bars recovery to cross a single track infrequently used, and but a few feet wide, without listening and looking for the coming locomotive, it is certainly gross negligence to step upon a track in busy railroad yards, and walk 300 feet without once looking to the rear, and especially when the sense of hearing is rendered practically useless by the noise of a long freight train passing over an adjoining track.

It is, however, urged that the proximate cause of the injury was the failure of the servants of the defendant to ring the bell of the engine, and not the carelessness of the plaintiff in walking on the track without looking for the engine. It is said that, if the bell had been rung, the plaintiff would have heard it, and have avoided the danger, and that he had a right to rely on the expectation that the defendant's servants would comply with the ordinance and ring the bell, and therefore he should be permitted to recover. This position is untenable.

First. The question here is not whether the negligence of the defendant or that of the plaintiff is the more proximate cause of the injury, but whether or not the negligence of the plaintiff directly contributed to it. An effect often has many proximate, and many remote, causes. If the negligence of the plaintiff was one of the proximate causes of the injury,—if it directly contributed to the unfortunate result,—he cannot recover, even though the negligence of the defendant also contributed to it. In such a case the plaintiff can recover only when the defendant's negligence is the only proximate cause of the injury. No argument is required to show that the negligence of the plaintiff in this case directly contributed to this injury. It was negligence for him to step upon this track without looking to the west; it was negligence for him to walk upon the track 300 feet without looking behind him. If he had looked to the west or the rear he would have seen the coming engine, and would not have been injured. In the absence of his own negligence, no act of the defendant would have harmed him.

Second. The negligence of the plaintiff was the more proximate cause of this injury. The proximate cause is not always, nor generally, the act or omission nearest in time or place to the effect it produces. In the sequence of events there are often many remote or incidental causes nearer in point of time and place to the effect than the efficient moving cause, and yet subordinate to it, and often themselves influenced, if not produced, by it. Thus, a defect in the construction of a boiler of an engine may long exist without harm, and yet finally be the proximate cause of an explosion, to which the climate, through the negligence of the engineer, and other incidental causes nearer by years to the effect, may contribute. Cases illustrating this proposition are Railway Co. v. Callaghan, 56 Fed. Rep. 988, (decided at this term:) Railway Co. v. Kellogg, 94 U. S. 469; Insurance Co. v. Boon, 95 U. S. 117,

130; Lynch v. Nurdin, 1 Q. B. 29; Illidge v. Goodwin, 5 Car. & P. 190, 192; Clark v. Chambers, 3 Q. B. Div. 327; Pastene v. Adams, 49 Cal. 87. That negligence is the proximate cause of an injury from which the injury might and ought to have been foreseen, or reasonably anticipated, under the circumstances, as its probable result. That negligence which sets in motion a train of events that in their natural sequence might, and ought to be expected to, produce an injury, if undisturbed by any independent intervening cause, is the proximate cause of that injury. Railway Co. v. Elliott, 55 Fed. Rep. 949; Railway Co. v. Kellogg, 94 U. S. 475: Hoag v. Railway Co., 85 Pa. St. 293, 298, 299.

It goes without saying that injury from engines or cars can be, and ought to be, foreseen or anticipated as the probable result of walking across or upon a railroad track in frequent use, without looking both ways and listening for approaching engines. This is demonstrated by the fact that so universal is this experience that it has become a settled rule of law that such action is negligence. It was the negligence of this plaintiff in walking on the railroad track without looking to the west that put in motion the train of events that led to this disaster. He voluntarily placed himself in the dangerous situation. He knew his danger. The servants of the defendant were not advised of his position or of his danger, and they had a right to rely on the expectation that he would obey the law and discharge his duty. His greater knowledge imposed upon him the duty of greater care than was required of them. The natural and inevitable result of his continuance upon this track was a collision with an engine, unless some new cause intervened to prevent it. Without the intervention of such cause, the accident was only a question of time. The engine was certain to come. The only chance of his escape was that some independent cause, such as his own care and action, or the defendant's watchfulness, would intervene to turn aside the natural sequence of events, and to take him from the track before the engine passed over it. No independent cause did intervene, and his own negligence was permitted to work out the unfortunate result. It is certain that this result could not have been attained unless the plaintiff had first been negligent. It may be true that it would not have resulted if the bell had been rung. But, if this be so, the failure to ring the bell was not an independent intervening cause; it was entirely dependent for its evil effect upon the precedent negligence of the plaintiff in walking along the track without using his eyes. If he had not been careless, he would not have been on the track, and the failure to ring the bell could not have injured him. The negligence of the defendant's servants was at most concurring or succeeding negligence, which simply failed to interrupt the natural sequence of events, and permitted plaintiff's breach of duty to work out the disastrous result of which it was the primary and efficient cause. The injury was the natural result of the plaintiff's own carelessness, and the jury should have been instructed to return a verdict for the defendant.

The judgment below is reversed, with costs, and the case is remanded, with directions to grant a new trial.