M. A. CALDWELL, Respondent, v. KANSAS CITY, PITTS-
BURG & GULF RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, May 15, 1894.

Railroads: FAILURE OF TRAVELER TO LOOK AND LISTEN. A person
traveling on a street or public highway must, in approaching the
crossing of a steam railroad, look and listen for approaching trains.
The failure of the employees of the railway company to ring the bell
does not dispense with this duty on his part.

*Appeal from the Newton Circuit Court.*—HON. J. C.
LAMSON, Judge.

REVERSED.

*Trimble & Braley* for appellant.

The train started toward the crossing whilst plain-
tiff was still from fifty to one hundred and fifty feet
away from it. He traveled this fifty or one hundred
and fifty feet in full view of the approaching train, and
did not look to see whether or not it was coming.
This is contributory negligence which prevents his
recovery. *Harlan v. Railroad,* 64 Mo. 480; *Purl v.
Railroad,* 72 Mo. 168; *Hinse v. Railroad,* 71 Mo. 636;
*Yancey v. Railroad,* 93 Mo. 433. The fact that plain-
tiff looked when he was more than a block away from
the crossing, and again when he was from sixty to
ninety feet from the crossing, and saw the train stand-
ing still, did not relieve him of the duty of looking
again after the train had started and before driving
into the place of danger. *Moberly v. Railroad,* 17 Mo.
App. 518; *Drake v. Railroad,* 51 Mo. App. 568.

*Brunk & Ruark* for respondent.

ROMBAUER, P. J.—The plaintiff sued for injuries, to his person, caused by a collision with defendant's engine. He states in his petition that the collision was. the result of the defendant's negligence in failing to. ring the bell or sound the whistle while approaching a public crossing, and further avers that at the time of the collision the defendant's agents knew, or by the exercise of ordinary care might have known, the plain-- tiff's perilous position and stopped the train so as to prevent any injury to plaintiff, but negligently and willfully failed and refused to do so. The answer is a. general denial and a plea of contributory negligence, which is denied by reply. The trial resulted in a: verdict and judgment for plaintiff. The defendant. appeals, and assigns for error the action of the court in overruling a demurrer to the evidence, and the giving and refusing of instructions.

The plaintiff's testimony established the following facts: He was a resident of the town of Neosho, where the accident occurred, and had been such for a. number of years. The road crossing, on which the plaintiff was struck, was on Wood street of that town, and the plaintiff, who was a teamster, was in the habit. of crossing the railroad tracks on that street daily. Wood street and the defendant's tracks intersect each other at an acute angle, and for several hundred feet from the point of intersection the street and track are in full view of each other. The plaintiff was driving an ox team, and proceeding at the rate of about two miles an hour towards the point of intersection. He testified that he looked for the train when about sixty or ninety feet from the point of intersection, and saw it standing still in front of the depot, and then did not look for it any more. The plaintiff's witnesses all

concurred in stating that the train was then about ready to start out. The distance between the head of the engine of the standing train and the point of intersection was estimated by plaintiff's witnesses to be from one hundred and eighty to two hundred and ten feet, and was shown by actual measurement to be three hundred and twenty-five feet. One of the plaintiff's witnesses testifies that plaintiff was about ninety feet from the crossing when the train started, and one of the defendant's witnesses testified that she saw plaintiff at a distance of forty-seven feet from the crossing when she heard the noise of the moving train.

Touching the physical facts of the case there is no substantial conflict in the evidence. That the plaintiff could have seen the approaching train in time to avoid the collision, had he looked, all the testimony concedes. That he could have heard the noise of its approach, had he listened, all the testimony concedes. All the testimony concedes that no bell was rung on the moving train.

It has always been the law of this state that persons traveling on the streets or public highways must, in approaching the crossing of a steam railroad, look and listen for moving trains. In the opinion of this court on a motion for rehearing in *Hickman v. Union Depot Railroad*, 47 Mo. App. 74, thirty cases decided in this state are cited, maintaining that position. The failure of the railroad employees to ring the bell does not dispense with that duty on part of the traveler on the highway. *Harlan v. Railroad*, 64 Mo. 480; *Purl v. Railroad*, 72 Mo. 168; *Henze v. Railroad*, 71 Mo. 636; *Yancey v. Railroad*, 93 Mo. 433. The fact, that the plaintiff looked when he was sixty feet or more from the railroad crossing and saw the train standing then, could on no possible theory justify him in assuming that the train would remain standing until

he had crossed the road, traveling as he was at the rate of two miles an hour.

There is no evidence in the case, that the employees of the defendant saw the plaintiff in time to avoid the collision. The only evidence on that subject is that the engineer from his position on the right of the engine could not well see him, and that the fireman was engaged in shoveling coal in firing up the engine, and did not see him. But, even if we were justified in assuming that it was the duty of the employees in looking out for persons in danger to see the plaintiff approaching the crossing, how were they bound to know that he would not stop in time to avoid the collision. The plaintiff was in no position of danger until he actually entered upon the track, and then the collision could not be avoided by the exercise of any amount of diligence on part of the defendant's employees.

We can only say, as the supreme court said in the analogous case of *Boyd v. Railroad*, 105 Mo. 371, that, "unless the doctrine of contributory negligence is to be entirely discarded, and engineers required to be such expert psychologists as to be able to read the minds of men, and know before hand when a man in possession of all his mental faculties is going to act in a way other than could be expected of an ordinarily prudent man, there was no evidence to take this case to the jury."

The judgment is reversed. All concur.