## CLAUS v. NORTHERN STEAMSHIP CO.

(Circuit Court of Appeals, Eighth Circuit. October 3, 1898.)

### No. 1,033.

1. TRIAL—DIRECTION OF VERDICT.

Where, in an action for a personal injury, the undisputed facts establish contributory negligence on the part of the plaintiff, it is the duty of the court to direct a verdict for defendant.

2. CONTRIBUTORY NEGLIGENCE—ACTION FOR PERSONAL INJURY—DIRECTION OF VERDICT.

In an action for a personal injury by falling through an open hatchway in the deck of a vessel, it was not error to direct a verdict for defendant on the ground of contributory negligence, where plaintiff's own testimony showed that he was engaged in making repairs on the vessel, as were other workmen; that on the day before the accident he walked over the hatchway, which was then closed, but noticed that other hatchways were open, and that workmen were repairing the deck; that on the night in question, after dark, in returning from a different part of the vessel, where he had been employed, he again attempted to walk over the hatchway, though there was a clear space of 10 feet by the side of it, and, it being then open, he fell in, and received the injury complained of.

In Error to the Circuit Court of the United States for the District of Minnesota.

James C. Michael (Herchmer Johnston, on the brief), for plaintiff in error.

C. Wellington, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge. This action was brought by plaintiff in error, John R. Claus, to recover from the Northern Steamship Company damages for personal injuries caused the plaintiff by falling through an open hatchway on the steamer North Wind, a vessel owned by the defendant company. From the evidence in the case it appears that during the winter of 1895–96, the North Wind was laid up at the docks at West Superior, Wis., and in March of 1896, repairs were being made upon the vessel, preparatory to the opening of navigation, the American Steel Barge Company being in charge of the repairs to the decks and woodwork and the Superior Water, Light & Power Company of the repairs to the electric apparatus in use upon the boat. The plaintiff in error was in the employ of the latter company, and on the 13th day of March, 1896, he went on the vessel to do some work thereon, and he testifies that he then saw that the boat had two decks, an upper or spar deck, and a lower or main deck, in both of which there were hatchways; that the hatchways on the main deck were open, except the one nearest the stairway leading to the upper deck; that in passing along the main deck he (the plaintiff) walked over this closed hatchway, which was raised up some six inches or more above the deck; that he noticed that the planking on the deck was being torn up and replaced; that the hatchway nearest the stairway leading to the upper deck was distant about five feet from the foot of the stairway, and that the distance from the hatch-

ways to the side or wall of the boat was from ten to fifteen feet. The plaintiff further testified that on the next day, to wit, March 14th, he returned to work on the vessel; that about 5:30 p. m. he ceased work, and, finding that a ladder which had been used as a means of passing from the upper deck to the deck below had been removed by the other workmen for some purpose, he went along the upper deck to the stairway leading to the main deck, his purpose being to reach the main deck, and then pass along it to a gangway in the side of the vessel, from which he could pass to the dock alongside of which the vessel was moored; or, in other words, he purposed leaving the vessel by following in the reverse direction the pathway he had passed over the previous day. Plaintiff further testified that when he passed down the stairway he saw the light coming through the gangway, showing that it was open; and that he also saw two men at work, with a light, distant some 80 or 90 feet; that it was dark about the stairway, so that he could not see the hatchway; that he walked forward at an ordinary gait, taking two or three steps, and knew nothing more until he regained consciousness, and found himself at the bottom of the hold of the vessel. The other evidence showed that the hatchway was open, and the plaintiff walked into it, falling down the same, receiving very grave and permanent injuries. At the close of the testimony in the case, upon the motion of defendant, the court instructed the jury to find for the defendant on the ground that the plaintiff, by his own lack of ordinary care, caused or contributed to the injury he received; and the question for our consideration is whether there was error in this ruling and action of the trial court.

There was no conflict in the testimony with respect to the acts of the plaintiff, upon which the trial court based the ruling complained of, and as it is well settled that, where the undisputed facts establish the existence of contributory negligence on part of the plaintiff, it is the duty of the trial court to instruct the jury to find for the defendant (Railroad Co. v. Sullivan, 3 C. C. A. 506, 53 Fed. 219; Railway Co. v. Moseley, 6 C. C. A. 641, 57 Fed. 921; Railroad Co. v. Houston, 95 U. S. 697; Schofield v. Railway Co., 114 U. S. 615, 5 Sup. Ct. 1125; Aerkbetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835; Railroad Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569), the only question is whether the trial court ruled rightly in holding that the defense of contributory negligence was conclusively proven by the evidence in the case. The plaintiff, by his own testimony, clearly proved that he knew the vessel was undergoing repairs; that he knew that along the lower or main deck there were a number of hatchways, and that when he passed along this deck, the day before he was injured, all these hatchways were open, except the one nearest the stairway, which he knew was within five feet of the foot of the stairway, and he knew that by turning to the left when at the foot of the stairway, he would reach the passageway between the hatches and the side of the vessel, and which extended with a width of over ten feet to the gangway, which he was seeking to reach, thus furnishing a safe mode of exit. The plaintiff does not claim that when at the foot of the stairway he made an effort to reach this safe passageway, but failed to find it, but he testified that he walked forward at an ordi-

nary gait, in the direction which carried him directly over the hatchway, without taking any means to ascertain whether the hatchway was open or closed. He testified that when he came along the deck the day before the accident, he walked over the hatchway, which was then closed, and he further testified that at the time of the accident he intended-to follow the same course he had taken the day before. In so doing, he knew that he would pass over the hatchway, yet he took no pains to ascertain whether it was open or not, but in utter darkness he intentionally followed a direction leading him over the hatchway, of the existence and position of which he had full knowledge, and thus brought upon himself the accident which resulted so disastrously to him; or, in the language of the supreme court of Michigan in Caniff v. Navigation Co., 33 N. W. 744, a case similar to the one at bar, "With all this knowledge and experience on the part of the plaintiff, he walked carelessly forward in the dark, and says that instead of expecting the hatchways to be open, and exercising care to avoid them, he expected them to be closed, and that he could walk across them. This, under the circumstances, was inexcusable negligence on his part, and a disregard of all that his knowledge and experience had or should have taught him." Being of the opinion that but one conclusion can be rightfully drawn from the undisputed testimony in this case, and that is that the plaintiff, by his own lack of care, caused the accident of which he complains, it follows that the trial court did not err in directing a verdict for the defendant, and the judgment appealed from must be affirmed.