BURNS *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered June 10, 1905.

1. PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE.—Where undisputed evidence shows that plaintiff, suing for personal injuries, was guilty of contributory negligence, it was the duty of the court to declare that he had no cause of action. (Page 12.)

2. RAILROAD—INJURY TO PEDESTRIAN ON TRACK—CONTRIBUTORY NEGLIGENCE.—A railway company is not liable for an injury caused by its train negligently striking plaintiff while he was walking down its track if he failed to use his senses of sight and hearing to prevent the injury, unless the trainmen either injured him wantonly, maliciously or intentionally, or were guilty of negligence after discovering his peril. (Page 13.)

Appeal from Monroe Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

On the 14th day of October, 1901, appellant was conducting a hay, farming implement, and lumber business at Stuttgart. This business brought him often to appellee's depot at Stuttgart, where he had barns on each side of the numerous switches of appellee at the depot, and wagon scales between the barns where hay and other farm products were weighed. He often daily passed over the many switches, as well as the "main" and "passing" track at the depot. On the day appellant was injured, to use the language of his counsel in describing the injury, "he had just left the depot, and saw a train standing just northeast of the depot at the tank, and knew that it could not get on the 'passing' track until it came thirty steps south of the depot; and about the time said freight train reached said 'passing' track he turned round and looked at it, and saw it turn, as he thought, on the 'passing' track, which he was then on, as it was the custom of trains of that kind to do. He was familiar with the different trains on the Cotton Belt Railroad. Some are local freight trains, and some are through freight trains, and there are fifteen or twenty passing during the day. Now, he walked down the 'passing' track for some distance, which was the common walk way, and, hearing the train move rapidly, thought it would be safer to step over on the main track, and be further away, so it could pass. Now, he used his eyes, and he thought he saw it go on the 'passing' track, as it was the custom of that class of trains to do so."

The train ran him down while he was on the "main" track, injuring him severely. He brought suit, setting out in minute detail the situation at the depot of the houses, trains, tracks, and all the circumstances of the unfortunate occurrence. His specifications of negligence were: that the train was running at an unusually rapid speed, at least fourteen miles per hour, when it should have been running not exceeding four miles per

hour in obedience to the city ordinance; that the men in charge of the train were not keeping a constant lookout; had they done so, they could have prevented the injury; that, on account of the unusual speed, the train could not be stopped after appellee's servants discovered his situation, whereas it might have been stopped after seeing him, had the train been running not more than four miles per hour, as required by the ordinance, etc.

The answer denied all material allegations, and set up contributory negligence. After the evidence was in, the court, at the request of appellee, directed a verdict in its favor.

*H. A. & J. R. Parker* and *C. E. Pettit,* for appellant.

The court erred in withdrawing the case from the jury. 71 Ark. 445; 60 Ark. 363; 55 Fed. 940; 1 Shear. & R. Neg. § 99; 19 Ill. 499; 29 Md. 420; 42 Am. & Eng. R. Cas. 110; 25 Ia. 550; 3 S. W. 150; 60 Mo. 475; 114 Ga. 397. A city has the power to regulate the speed of trains running through it. 33 Ill. App. 78; 49 Ia. 282; 18 S. W. 1103; 84 Mo. 119; 38 Fed. 15; 49 Am. & Eng. R. Cas. 358; 28 Md. 522; 108 Mo. 525; 96 Mo. 290; 18 S. W. 847. Greater care is to be exercised in the running of trains through cities than in the country. 8 Am. & Eng. R. Cas. 280; 69 Ark. 130; 70 Ark. 481; 53 Ark. 201; 86 Fed. 240; 50 Ark. 477. There may be circumstances which will excuse a party from looking and listening at a railroad crossing. 100 Ill. 603; 6 Am. & Eng. R. Cas. 304, 117; 88 N. Y. 13; 82 Ind. 435; 35 Pa. St. 60. Contributory negligence must be proved. 48 Ark. 348; 66 Pa. St. 399; 57 Pa. St. 380; 78 Mo. 212; 18 S. W. 178.

*Samuel H. West* and *J. C. Hawthorne,* for appellee.

Plaintiff was guilty of contributory negligence. 54 Ark. 431; 57 Ark. 461; 95 U. S. 161; 114 U. S. 615; 50 Ark. 271, 457; 65 Ark. 236; 3 Elliott, Railroads, § 1166; 69 Ark. 134. The appellee was guilty of no negligence. 69 Ark. 382; 65 Ark. 429; 62 Ark. 235, 245.

WOOD, J., (after stating the facts.) It is unnecessary to discuss the evidence at length. The appellant was guilty of con-

tributory negligence, according to the undisputed facts, and it was the plain duty of the court to declare as matter of law that appellant had no cause of action. On the question of contributory negligence, this was the testimony of appellant himself, as abstracted by his counsel:

"He started from the depot to go to a pair of scales to weigh a load of hay, and he was on what is called the 'passing track,' and, remembering that a freight train was at the tank just northeast of the depot, about 100 yards, and hearing it start from the tank, when it got just southwest of the depot a few feet, a point where all the switches branch out, he looked back, and thought he saw the engine heading for the 'passing track', which it was customary for trains of that kind to do. He then stepped across the usual traveled way between the two tracks, and, to be sure he was out of the way, he stepped over in the center of the main track, and immediately the engine struck him, when he was just about at the southern or western edge of College Street, on a line with the western line of College Street. After he stepped on the main track he walked at least thirty yards or ninety feet, before he was struck."

This leaves nothing for the jury. According to familiar rules often announced by this court, appellant did not make that use of his senses for his own protection which the law exacts before he can recover for the negligence of the company that concurred in his injury. *St. Louis, I. M. & S. Ry. Co.* v. *Martin,* 61 Ark. 549; *Little Rock & Fort Smith Ry. Co.* v. *Blewitt,* 65 Ark. 235; *St. Louis & S. F. Rd. Co.* v. *Crabtree,* 69 Ark. 134.

Appellant's great familiarity with the tracks and trains where he was injured, and the ever imminence of peril, where there was so much passing and switching, should have kept his senses alert, and have caused him to walk between the railroad tracks where according to the witnesses, it was "nice and smooth," and free from all danger. The law wisely and justly holds the company liable for its own acts of negligence which result in injury to another. But there would be no reason or justice in holding it responsible for the mistakes of another which it did not cause, and could not prevent, and but for which there would have been

no injury, notwithstanding its own negligence. *Railway Company* v. *Cullen*, 54 Ark. 431; *Railway Company* v. *Ross*, 56 Ark. 271; *Railway Company* v. *Tippett*, 56 Ark. 457; *Catlett* v. *Railway Company*, 57 Ark. 461. See also *Missouri Pac. Ry. Co.* v. *Moseley*, 57 Fed. 921, and other cases cited in appellee's brief.

There is no proof whatever that would warrant the conclusion that appellee wantonly, maliciously or intentionally injured appellant, or was guilty of such negligence, after discovering appellant's peril, as to make an inference of this kind justifiable. *Mo. Pac. Ry.* v. *Moseley*, 57 Fed. 921. On the contrary, appellant alleges in his complaint that "they were running the train at such an unusual speed that it could not be stopped after seeing him," and the evidence on the part of the engineer and fireman was affirmative and positive that they "did not see him on the main line, and never knew he was there until after the accident, thus distinguishing the case in this respect from the recent cases of *St. Louis, I. M. & S. Ry. Co.* v. *Johnson*, 74 Ark. 372, and *St. Louis, I. M. & S. Ry. Co.* v. *Hill*, 74 Ark. 478.

Judgment affirmed.