ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* BRYANT.

Opinion delivered January 7, 1907.

1.  RAILROAD—DUTY TO TRESPASSER ON RIGHT OF WAY.—To a trespasser on its right of way a railroad company owes no positive duty of care, but only the negative duty to exercise ordinary care not to injure him after his perilous position is discovered. (Page 371.)

2.  SAME—DISCOVERY OF PERIL OF TRESPASSER—EVIDENCE.—The uncontradicted testimony of employees on a train, who were under no duty to keep a lookout, that they did not see a trespasser on the right of way, if consistent and reasonable, can not be disregarded by the jury. (Page 372.)

3.  SAME—NEGLIGENCE OF EMPLOYEE OUTSIDE OF EMPLOYMENT.—A railroad company is not liable for the negligent act of the foreman of a bridge gang in casting a water cooler from a moving train whereby a person on the right of way is injured, if such act was outside of the scope of such foreman's employment. (Page 372.)

Appeal from Monroe Circuit Court; *George M. Chapline,* Judge; reversed.

### STATEMENT BY THE COURT.

James Bryant was a laborer on his father's farm, through which the appellant's railroad ran. On July 14, between one and two o'clock in the afternoon, appellee was going to his work on the farm, and was walking along a path near the railroad track. A freight train passed, to which was attached a boarding car on which was a bridge gang. Nelson was the foreman of of the gang, and was in the employ of the appellant at the time, doing bridge work. He told the cook in his employ to throw off of the car an old water cooler that had become worthless. The foreman said he supposed the water cooler belonged to him. The man who had the outfit before he came into possession of it was discharged, and the cooler was with the outfit when Nelson took charge. He directed his cook to give it to some one along the track, that if he saw anyone to whistle and give it to him. As they were passing along through the Bryant farm, they saw some one in the field. Nelson whistled, the party looked up, and the cook put the cooler out of the door. Neither the foreman nor the cook, according to their evidence, saw the appellee. They saw other parties in the field, and the foreman whistled to attract their attention, and when they looked up the cook put the cooler

out of the door. The train was running about fifteen miles per hour. Neither the foreman nor the cook could see the appellee from where they were in the car. The foreman was about midway of the car, and the cook could not have seen the appellee unless he had put his head out of the door. The cooler was put out of the door as they passed along. The cooler weighed forty pounds. It fell upon the appellee's head and shoulder, and injured him severely. Appellee and his witnesses testified that the parties on the freight train could have seen appellee. He was in plain view, and if they had looked they could have seen him. When the cook threw the cooler out, he said, "I have hit a man." The foreman and the cook looked back and saw that a man had been hit. They did not notify the conductor or engineer, and did not stop the train and go back to ascertain the injury done.

Appellee sued appellant for damages for the injuries thus received, alleging the negligence of the appellant. Appellant denied negligence, and denied its liability for the injuries received by appellee.

The court, at the request of the appellee, instructed the jury as follows:

"The jury are instructed that if they find from a preponderance of the evidence in this case that the employees of the defendant company, while working for defendant, were disposing of or casting aside a water cooler from the defendant's car, and did so in such a reckless, wilful and wanton manner as to throw same upon the plaintiff, and if you further find that the plaintiff was in plain view of said employees at the time it is alleged they so recklessly, wilfully and wantonly threw same upon him, you will find for the plaintiff and assess his damages in such sum as will compensate him for his pain and suffering and injuries as has been shown by the evidence.

"You are instructed that, in order to hold the defendant liable in this case, the burden of the proof is on the plaintiff to show wilful and wanton negligence on the part of the defendant company, which negligence directly caused or contributed to plaintiff's injury; and all the circumstances are to be taken into account when the question involved is one of negligence, as in this case. And negligence, in a legal sense, is no more nor less than a failure to observe for the protection of the interest of another person that

degree of care, precaution and vigilance which the circumstances justly demand, whereby such other persons suffer injury."

The appellant requested the court to give the following: "The jury are instructed to return a verdict for defendant." This the court refused, and the appellant excepted.

The court gave, over the objection of appellant, the following:

"1. If you find from the evidence in this case that the employees of the defendant threw a water cooler from the car because it was damaged, and that at the time it was thrown the party throwing it did not see the plaintiff, and did not know of his position at the time, then the defendant would not be liable, and you will find for the defendant.

"2. If you find from the evidence that the party who threw the cooler from the train was in the employ of the employee of the defendant company, and the employee directed the party to throw the cooler out, it would be the act of the employee, and the company would be liable for injury inflicted. provided you further find that the perilous position of the plaintiff was known to the employee at the time.

"3. All these instructions are taken together. There are two or three issues in this case. On the part of the plaintiff, it is contended that the defendant knew the perilous position of this party. If you believe that to be established, it is your duty to find for the plaintiff. The other is that it was thrown out without the knowledge of his perilous position. If you find that to be the case, you will find for the defendant."

The verdict and judgment were for $425. A motion for new trial, assigning all the alleged errors reserved at the trial, was filed and overruled.

*Samuel H. West* and *J. C. Hawthorne,* for appellant.

1. Appellant was entitled to a peremptory instruction. (1) The accident was such as could not have been reasonably foreseen or anticipated. Appellee was a trespasser on the right of way, and the only duty appellant owed him was the duty not to intentionally injure him. 23 Am. & Eng. R. Cas. (N. S.), 449; 13 Am. & Eng. Ry. Cas. 786; 9 *id.* N. S. 230; 24 L. R. A. 215; 74 Ark. 610; 63 Ark. 636; 76 Ark. 10; 48 Ark. 49. (2) The mas-

ter can not be held liable for the negligent acts of its servants unless it be made to appear not only that the servant's negligence caused the injury but that the act which caused the injury was done in the course of his employment. 26 S. W. 360; 139 Mass. 556; 75 Ark. 587.

C. F. Greenlee, for appellee.

1. Appellant was not entitled to a peremptory instruction. It was not an act of inevitable accident, as contended, but, on the contrary, it was the result of negligence and wanton carelessness of appellant's employees. Under the circumstances appellee was not a trespasser. He had a right to walk along the right of way going to and from his work.

The amount of care bestowed must be equal to the emergency. One who is about to do any act which may result in injury to another is required to exercise such reasonable care and to take such reasonable precautions as may be necessary to warn passers-by of the danger and prevent injuring them. Failure therein is negligence, and, if injury results, the negligent party is liable. 98 Mass. 577; 65 Mo. 22; 53 Ark. 381; 57 Ark. 429; 56 Ark. 387; 65 Ark. 636.

2. The foreman, being in full charge of the car, and in control of all the articles therein, was acting within the scope or line of his employment.

Wood, J. (after stating the facts.) Appellee had no right upon appellant's right of way, and especially to be walking upon a path in such proximity to appellant's railroad track at a time when one of its trains was passing thereon. In so doing he was a trespasser, and appellant owed him no positive duty of care, and only the negative duty to exercise ordinary care not to injure him after his perilous position was discovered. *Johnson v. Stewart,* 62 Ark. 164; *St. Louis S. W. Ry. Co.* v. *Underwood,* 74 Ark. 610; *St. Louis, I. M. & S. Ry. Co.* v. *Neely,* 63 Ark. 636; *Burns* v. *St. Louis S. W. Ry. Co.,* 76 Ark. 10; *St. Louis, I. M. & S. Ry. Co.* v. *Fairbairn,* 48 Ark. 491; *Penn. Ry. Co.* v. *Martin,* 23 Am. & Eng. R. Cas. (N. S.), 449; *McGrath* v. *Eastern Ry. Co.* 13 Am. & Eng. R. Cas. 768; *Fletcher* v. *Baltimore & P. Ry. Co.* 9 Am. & Eng. R. Cas. (N. S.), 230; *Poling* v. *Ohio River R. Co.* 24 L. R. A. 215.

It was in no sense the duty of Nelson, the foreman of the bridge gang, or his cook, to "keep a lookout" for persons on the track. That duty devolved upon the employees who were operating the train. As the keeping of a lookout was not in the line of the employment of the foreman of the bridge gang and his cook, their testimony that they did not see appellee at the time of casting the cooler from the car is entirely consistent and reasonable, and the jury could not arbitrarily disregard it. *Kansas City So. Ry. Co.* v. *Lewis,* 80 Ark. 396; *St. Louis, I. M. & S. Ry. Co.* v. *Landers,* 67 Ark. 514, and cases cited there. It is not like those cases where the fireman, engineer or other employee, whose duty it is to keep a lookout, swear that they did not, although in the discharge of their duty, see a person in plain view upon the track. In such cases the jury might well conclude that the testimony was inconsistent and unreasonable, and refuse to believe it. But here the testimony, uncontradicted, disclosed an unfortunate but nevertheless real accident. The presence of appellee so near the track was not and could not have been reasonably anticipated by the foreman and his cook.

The court should have given appellant's request for peremptory instruction.

The instructions given were abstract because, as a matter of law, upon the undisputed evidence there was no question of wilful, wanton or intentional injury to be submitted to the jury. Moreover, the casting of the cooler from the car was clearly an act out of the scope of the foreman's employment. If the cooler belonged to the foreman as proof tends to show, he could do as he pleased with it; and if he negligently cast it from the car, it was his act, and not that of the company. His employment with the company was that of building bridges. So far as the proof discloses, there is nothing to show that it was in the line of the duty of the foreman of the bridge gang to provide appointments for the cars in which he was transported from place to place. The burden was upon the appellee to show appellant's liability. To discharge this burden it was incumbent upon appellee to show that the act of the servant causing the injury was negligent and in the course of his employment. *St. Louis, I. M. & S. Ry. Co.* v. *Grant,* 75 Ark. 579.

For the error indicated the judgment is reversed, and the cause remanded for further proceedings.

McCulloch, J. not participating.