EDWARD B. SMITH, Administrator, vs. MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

March 16, 1880.

Contributory Negligence.—Action for damages for the death of the plaintiff's decedent, alleged to have been occasioned by the negligence and carelessness of defendant's employes in running a locomotive over him. The rules laid down in *Donaldson* v. *Milwaukee & St. Paul Ry. Co.*, 21 Minn. 293, and approved in *Brown* v. *Milwaukee & St. Paul Ry. Co.*, 22 Minn. 165, applied to the facts of this case. *Held*, that the action was properly dismissed by the district court at the close of the plaintiff's case, the evidence clearly showing contributory negligence on the part of decedent.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial.

*Benton, Benton & Roberts*, for appellant.

*I. Atwater* and *J. M. Shaw*, for respondent.

BERRY, J.   This is an action to recover damages for the death of Arthur B. Griffing, alleged to have been occasioned by the negligence and carelessness of defendant's employes, in running a locomotive over him.   There is no claim nor evidence that the locomotive was wilfully, wantonly or intentionally run upon the decedent.   The case is, then, one to which the rules laid down in *Donaldson* v. *Milwaukee & St. Paul Ry. Co.*, 21 Minn. 293, and approved and applied in *Brown* v. *Milwaukee & St. Paul Ry. Co.*, 22 Minn. 165, are properly applicable.   These rules are, *first*, that to maintain an action of this kind, it must appear that the injury was occasioned by negligence on defendant's part, and it must not appear that there was contributory negligence on the part of the person injured; and, *second*, that where the uncontroverted facts of the case show contributory negligence on the part of the person injured, it is proper for the court to rule, as a matter of law, that he cannot recover.   At the close of the plaintiff's testimony, upon the trial below, the district court, upon defendant's motion, dismissed the action, upon the

ground that plaintiff had failed to make out his case. In our opinion · the dismissal was right, because the case clearly shows contributory negligence on the part of the decedent, and this showing is not affected by any ruling of the trial court in rejecting testimony as to the correctness of which there is any doubt.

It appears that the decedent went upon the defendant's track solely for his own convenience, upon business of his own or that of his employers, and not upon any business for or concerning the defendant, or in any way related to the railroad. It was not necessary for him to go upon the track, either for the purpose of doing the business in which he was engaged, or for any other purpose. It does not appear that he had any right thus to go upon the track, or, if any inference of implied permission to go upon it is to be drawn from the fact that the public had been suffered to do so without objection on the part of defendant, there is no ground whatever for inferring that this was permitted save at the risk of those who went upon the track, at least so far as to require them to use great care in so doing. It appeared that the decedent had worked for seven or eight months in a cooper's shop, where he was employed at the time of his death, within a very short distance—a few feet—of the place where he was killed, and that locomotives were passing along there every few minutes during the day. Looking from the place where he was killed, up the track, in the direction from which the locomotive came upon him at a speed of eight or ten miles an hour, there was nothing to obstruct the vision of the track for 400 feet, or to prevent a locomotive upon the track, anywhere within that distance, from being seen. From the point where the defendant went upon the track, to the point where he was struck, the distance was not more than 35 or 40 feet. He was run over and killed between 10 and 11 o'clock in the forenoon. From these uncontroverted facts, it is apparent that the decedent had but to make use of his eyes to discover the approaching locomotive. His failure to use them in a place

of so much danger, where he had at most no right to be except by mere sufferance, was a failure to use care proportionate to the risk—such care as, in the circumstances of the case, ordinary prudence required. For the sad consequences to which he thus contributed there can be no recovery of damages from the defendant.

Order affirmed.