NELS JOHNSON *vs*. WILLIAM H. TRUESDALE, Receiver.

June 15, 1891.

**Railway — Injury to One Walking on Track — Contributory Negligence.**—Evidence considered as showing conclusively that plaintiff was guilty of negligence in walking on a railway track, where he was a trespasser, without being watchful against trains which might follow him. Hence the railroad company was not liable for an injury to which such negligence of the plaintiff contributed, unless its own negligence was wanton or wilful.

**Same—Defendant not Negligent.**—Evidence deemed insufficient to show such negligence on the part of the defendant, it appearing that the engineer gave proper signals, and attempted to stop when it became apparent that the plaintiff would not get off the track.

Action brought in the district court for Hennepin county against defendant as receiver of the Minneapolis & St. Louis Ry. Co., and operating its railway, to recover $10,000 for personal injuries. The

plaintiff appeals from an order refusing a new trial after a trial before *Hicks*, J., and verdict directed for defendant.

*F. D. Larrabee*, for appellant.

*Albert E. Clarke* and *W. P. Booth*, for respondent.

DICKINSON, J.    The court directed a verdict for the defendant upon the evidence presented at the trial.    We are to decide whether the evidence was such that the jury would have been justified in returning a verdict for the plaintiff.    The plaintiff was a trespasser on the railroad, walking south between the rails of the main track, in the city of Minneapolis, when he was overtaken and struck by a locomotive with a train of cars going in the same direction on the same track. From the time he went on the track, at the distance of a block or a block and a half north of the place of the accident, he did not look backward to see whether a train might be following him, although at the place where he got on the track he could only see up the track, northward, about 300 feet.    He did not observe or hear the whistle and bell of the locomotive, although both were sounded as warnings to him, when the locomotive was only 150 or 180 feet distant from him, and afterwards as it approached nearer.    He was not deaf, nor was he intoxicated.    He was, however, looking at another engine near him on another track, and which was making some noise; and this explains his inattention to the signals given to warn him of danger.    He admits that he did not think about any other engine. In brief, the case conclusively showed that the plaintiff was both a trespasser and chargeable with contributory negligence, and hence the defendant is not legally responsible, unless the conduct of its servants in the management of the train, after they discovered his danger, was wantonly or wilfully negligent.    *Carroll* v. *Minn. Valley R. Co.*, 13 Minn. 18,(30;) *Donaldson* v. *Mil. & St. Paul Ry. Co.*, 21 Minn. 293; *Smith* v. *Minn. & St. Louis Ry. Co.*, 26 Minn. 419, (4 N. W. Rep. 782.)    Even if the case shows only want of ordinary care on the part of the defendant's servants, it would not justify the conclusion that they were intentionally or wantonly regardless of the plaintiff's safety.    All reasonable and proper effort was made to warn him of the approach of the train, which was running at the rate of seven miles an hour.    There was no obstacle to prevent him from get-

ting off the track. The defendant's servants operating the locomotive might presume that he was possessed of the ordinary faculties, and that he would heed the signals and get off the track in time to escape injury. Hence they were not required to attempt to stop the train until it appeared to be probable that he would not do so. *Erickson* v. *St. Paul & Duluth R. Co.*, 41 Minn. 500, (43 N. W. Rep. 332.) It appears that when this did become apparent to the engineer he used all the means in his power to stop. Even if he erred in his judgment as to the probability that the plaintiff heard the signals and would step aside before the train should reach him, and hence erred as to the time when he ought to have reversed his engine and applied the brakes, there is nothing to warrant the belief that he acted in reckless disregard of the plaintiff's safety. It is apparent that he tried to warn the plaintiff of the approaching train, and tried to stop the train when he realized the necessity for doing so.

Order affirmed.