# B. McLAIN v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

## April 12, 1918.

## No. 20,764.

**Federal Employer's Liability Act — construction of terms.**

1. In an action under the Federal Employer's Liability Act the terms negligence and contributory negligence are to be used and interpreted in the light of the common law, as construed and applied by the Federal courts, free from legislative interference.

**Same — in all states uniform and paramount.**

2. The act establishes a rule intended to operate uniformly in all the states, as respects interstate commerce, and in that field it is both paramount and exclusive. It can neither be extended nor abridged by common or statutory laws of a state.

**Same — municipal speed ordinance not admissible to prove contributory negligence.**

3. Under the Federal Employer's Liability Act a municipal speed ordinance is not admissible to prove contributory negligence on the part of an engineer, in an action for damages for injury to his person, while engaged in interstate commerce.

**Appeal and error — assignments of error.**

4. Assignments of error on rulings of the trial court, on the admissibility of evidence, considered and found to be without merit.

**Same — harmless error.**

5. Remarks of counsel for plaintiff, made in his argument to the jury, *held* to be without prejudice to the rights of the defendant.

**Damages not excessive.**

6. Amount of the verdict considered and found not to be so large, under the testimony, as to justify this court in interfering therewith.

Action in the district court for Mower county to recover $20,000 for injuries received while in defendant's employ. The answer set out at

[1]Reported in 167 N. W. 349.

length section 769 of the 1907 Code of Iowa, granting cities of 5,000 inhabitants power to regulate the speed of railway trains running through the limits of such city, and an ordinance of Mason City, Iowa, regulating speed of trains, locomotives, etc., and alleged that plaintiff violated the order given him in reference to the running of his train, and at the time of the collision was running it in violation of that order; that he failed to observe the ordinance in approaching Mason City, and while within the corporate limits of the city he was running it at a speed of at least 40 miles per hour, and that the collision and whatever injuries plaintiff received were caused by his wrongful, reckless and careless acts. The case was tried before Catherwood, J., and a jury which returned a verdict for $10,000. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Briggs, Thygeson & Everall* and *J. N. Nicholsen,* for appellant.
*Dunn & Carlson* and *Sasse & French,* for respondent.

QUINN, J.

This is an action brought under the Federal Employer's Liability Act, to recover for injuries which plaintiff claims to have sustained to his person while in the employ of the defendant railway company in interstate commerce, as a locomotive engineer on passenger train No. 15 running from Hayfield, Minnesota, through Austin, Freeman and Mason City to Clarion, in the state of Iowa.

The cause was tried at Austin in February, 1917, resulting in a verdict in favor of the plaintiff in the sum of $10,000. The defendant made an alternative motion for judgment in its favor, or for a new trial, which was denied. Judgment was thereafter entered upon the verdict, from which the defendant appealed.

There is little if any conflict in the testimony as to the facts leading up to the accident. On October 27, 1915, plaintiff was in charge of one of defendant's locomotives, pulling a first-class passenger train over its line as above stated. He was 55 years of age and had been a passenger engineer for 11 years. The train was made up of the locomotive, baggage car, two coaches and a buffet car, making it about 310 feet in

length. The train was late and plaintiff received orders at Austin to run 25 minutes late to Mason City. Under this order the train would pass Freeman, a small flag station four miles from Mason City, not earlier than 2 o'clock p. m., its regular schedule time at Freeman being 1:35, and its leaving time at Mason City, 1:53. Plaintiff had received an order advising him that all first class trains had arrived and departed, which, under the defendant's rules, entitled him to a clear track from Freeman to Mason City. The train passed Freeman at 2 o'clock, running about 40 miles per hour. It slowed down to about five miles per hour at bridge 53, one mile west of Freeman, and approaching the place of the accident within the corporate limits of Mason City, about one mile east of the depot, was running at the rate of about 35 miles per hour. At this place the track curves to the left, with side-tracks on either side which were pretty well filled with cars. Plaintiff had shut off steam three-eighths of a mile before reaching the place of the accident, and was standing by his seat in the cab looking out ahead over the boiler of the locomotive, when he saw a caboose attached to a freight train on the main track ahead. He applied the brakes in emergency, opened the sanders, and started to get off on his side of the locomotive, but, observing the side track full of cars, he crossed to the opposite side, went down onto the step and jumped off, injuring his right shoulder in the fall. The freight train was moving west at about four miles per hour. Plaintiff's engine struck the caboose, practically demolishing it, but doing little damage to the locomotive. When plaintiff got up he was near the rear end of his train. He walked up to the engine, climbed into the cab, looked at his watch, and it was eight minutes past two.

It is not questioned in the record but that the freight train was trespassing upon the time of the passenger, which, under the rules of the company, should have been in the clear of the main track by not later than two o'clock, the time that the passenger, under its order, was due to leave Freeman. The freight train was not protected by a flag man, nor was any torpedo on the track. That the defendant and the freight crew were grossly negligent requires no argument. The freight was an inferior train going in the same direction, and no explanation was offered for its presence at that time on the main track over which the passenger had the right of way.

Appellant's 34 assignments of error may be disposed of under four headings: First, contributory negligence on the part of the plaintiff; second, rulings on the admissibility of certain evidence; third, improper remarks of counsel during his argument to the jury; fourth, excessive damages.

Upon the trial defendant offered in evidence an ordinance of the city of Mason City, which prohibited the running of trains within the corporate limits at a speed greater than eight miles an hour, and providing a penalty for its violation. The ordinance was received over objection. It is not disputed but that the ordinance has all the force and effect of a statute. It is the contention of the defendant that plaintiff was guilty of contributory negligence, as a matter of law, in running his train at a rate of speed exceeding 8 miles an hour within the corporate limits of the city, in violation of the ordinance.

To determine whether the ordinance was properly admitted in evidence, it becomes necessary to consider the act under which this case was brought.

It is well settled that the Federal Employer's Liability Act "establishes a rule or regulation which is intended to operate uniformly in all the states, as respects interstate commerce, and in that field it is both paramount and exclusive. Congress having declared when, how far, and to whom carriers shall be liable on account of accidents in the specified class, such liability can neither be extended nor abridged by common or statutory laws of the state." N. Y. Central R. Co. v. Winfield, 244 U. S. 147, 37 Sup. Ct. 546, 61 L. ed. 1045, Ann. Cas. 1917D, 1139; Erie R. Co. v. Winfield, 244 U. S. 170, 37 Sup. Ct. 556, 61 L. ed. 1057; N. Y. Cent. & H. R. R. Co. v. Tonsellito, 244 U. S. 360, 37 Sup. Ct. 620, 61 L. ed. 1194.

Section 3 of the act provides:

"That in all actions hereafter brought against any common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. Provided, that no such

employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

It is contended that, the act failing to define either negligence or contributory negligence, we are forced to look outside and give effect to state statutes and municipal ordinances in arriving at the meaning of the act in this respect. A complete answer to the contention would seem to be, as already stated, that the act establishes a rule which was intended to operate uniformly throughout all the states, as respects interstate commerce, and in that field it is both paramount and exclusive. The Federal courts have uniformly held that, as a matter of general law, the burden of proving contributory negligence is on the defendant and that, in passing the act, Congress intended that it should be construed in the light of the decisions of the Federal courts. Central Vt. Ry. Co. v. White, 238 U. S. 507, 35 Sup. Ct. 865, 59 L. ed. 1433, Ann. Cas. 1916B, 252. And since Congress took control of the liability of carriers engaged in interstate transportation by rail, to employees injured while engaged therein, all state laws upon the subject have been superseded. Second Employers' Liability Cases, 223 U. S. 1, 55, 32 Sup. Ct. 169, 56 L. ed. 327, 38 L.R.A.(N.S.) 44; Seaboard Air Line Ry. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475. The act covers the entire field under which the employer in interstate commerce shall be liable for injury to its employee likewise engaged. It pertains solely to the relation of master and servant. It does not supersede state legislation outside of this field, nor does it deal with the duties or obligations of either to the public; but it does supersede all state and municipal legislation governing the circumstances under which the master, while within the provisions of the act, shall be liable for injury to the servant. It follows that the ordinance in question was superseded by the act of Congress and was not admissible in evidence.

There is another reason why the defendant should not be heard to assert, against the plaintiff in this action, the ordinance as proof of negligence. The schedule time from Freeman to the leaving time at Mason City is 18 minutes. To observe the ordinance would require 15

minutes of this time in covering the two miles within the city limits, leaving but three minutes in which to let off and take on passengers, load and unload baggage, and cover the other two miles. It would be impossible for the plaintiff to comply with the ordinance and make the schedule time required of him by the defendant. Also the defendant furnished the plaintiff with a time-table showing the slow-down speed through the several municipalities on the route from Hayfield to Clarion, except alone the city of Mason City. The plaintiff was ignorant of the ordinance, and the time-table tended to keep him so. It had been the practice, with the necessary sanction of the defendant, for the plaintiff, as well as the other engineers, to cover the distance from Freeman to Mason City at a rate of speed greatly in excess of that fixed by the ordinance.

Under the above view of this case, appellant's second assignment requires but brief mention. The question of contributory negligence, to be determined in accordance with the common law as construed and applied by the Federal courts, and the rights and duties of the parties depending upon the Federal Employer's Liability Act, the custom and usages were admissible as bearing upon the question of ordinary care. Proof of the surrounding conditions at the scene of the accident, whether there were crossings, the speed which plaintiff was required to make in order to comply with the schedule, the rules of the company, the slow-down instructions by the defendant, all necessarily have a bearing upon the question of contributory negligence, and therefore upon the diminution of damages. We discover no error in the ruling of the trial court on the admissibility of such evidence.

Defendant's third assignment relates to certain remarks made by counsel for the plaintiff in his argument to the jury. Strictly speaking, counsel for defendant engaged in some remarks relative to the amount of damages which might be allowed in case of death, in reply to which counsel for the plaintiff made some statements which perhaps were unnecessary, but we discover nothing which was prejudicial to the rights of defendant.

We are of the opinion that the amount of damages allowed is not so large as to justify this court in interfering therewith.

The judgment appealed from is affirmed.

HALLAM, J. (dissenting).

I dissent.

It is the law of the Federal jurisdictions that reasonable municipal regulation of the speed of interstate trains is a valid exercise of the police power, to which the interstate carrier is obliged to conform. Southern Ry. Co. v. King, 217 U. S. 524, 30 Sup. Ct. 594, 54 L. ed. 868; Seaboard Air Line Ry. v. Blackwell, 244 U. S. 310, 37 Sup. Ct. 640, 61 L. ed. 1160, L. R. A. 1917F, 1184; Lusk v. Town of Dora (D. C.) 224 Fed. 650.

It has also been for a long time the law of the Federal jurisdictions that the violation by a carrier of a reasonable speed ordinance of a municipality is evidence of negligence in the operation of a train. Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. ed. 485.

In my opinion the Federal Employer's Liability Act did not change these principles of law. Under that act, Federal law is "paramount and exclusive" in determining what is negligence and contributory negligence. These terms are not defined in the act. What constitutes negligence and contributory negligence, is to be determined in the light of the law as theretofore construed and applied by the Federal courts. Central Vermont Ry. Co. v. White, 238 U. S. 507, 34 Sup. Ct. 865, 59 L. ed. 1433, Ann. Cas 1916B, 252. Now as before, local police regulation which the interstate carrier is bound to obey may be taken into account. Federal law prevails, but this is Federal law.