# GULF, MOBILE AND NORTHERN RAILROAD COMPANY *v.* WELLS.

### CERTIORARI TO THE SUPREME COURT OF MISSISSIPPI.

No. 39. Argued October 18, 1927.—Decided January 3, 1928.

1. A judgment for damages cannot stand in an action under the Federal Employers' Liability Act if, under the applicable principles of law as interpreted by the federal courts, the evidence was not sufficient in kind or amount to warrant a finding that the negligence alleged was the cause of the injury. P. 457.
2. A brakeman, in seeking to board the caboose of a local freight train moving at ten miles per hour, ran to it from where he had

thrown a switch, and as he caught a grabiron, turned his foot on a piece of coal, went down, was thrown loose from the train, fell to the ground and was injured. *Held,* that his testimony to the effect that the loss of his hold was due to an unusual jerk given by the engine, more severe than any he had experienced or seen on a local freight train, could not sustain an inference of negligence upon the part of the engineer, (1) because there was no evidence that the engineer knew or should have known that he was not on the train, but was attempting to get on it after it had started and was in a situation in which a jerk of the train would be dangerous to him; (2) because, in view of the brakeman's position, at the side of the caboose, ten car-lengths from the engine, his statement that the jerk was given by the engine was mere conjecture; (3) because, considering his situation at the time, his opinion that the jerk was unusual was without substantial weight. P. 458.
Reversed.

CERTIORARI, 271 U. S. 654, to a judgment of the Supreme Court of Mississippi, sustaining a judgment for personal injuries in an action under the Federal Employers' Liability Act.

*Mr. Ellis B. Cooper* for petitioner.

*Mr. W. Calvin Wells* for respondent.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This action was brought by Wells in a circuit court of Mississippi to recover damages for injuries suffered by him while employed as a brakeman on a freight train of the Railroad Company. The declaration alleged that these injuries were caused by the negligence of the engineer in giving a very sudden and unnecessary jerk to the train when it was moving and Wells was undertaking to get on it, which threw him on the ground. At the conclusion of the evidence the Railroad Company requested that the jury be instructed to find for the defendant. This was refused. The jury found for the plaintiff; and the

judgment entered on the verdict was affirmed by the Supreme Court of the State, without opinion.

It is unquestioned that Wells was at the time employed in interstate commerce, and that the case is controlled by the Federal Employers' Liability Act.[1] Hence, if it appears from the record that under the applicable principles of law as interpreted by the Federal courts, the evidence was not sufficient, in kind or amount, to warrant a finding that the negligence of the engineer was the cause of the injury, the judgment must be reversed. *Seaboard Air Line* v. *Padgett*, 236 U. S. 668, 673; *Chicago, M. & St. P. Railway* v. *Coogan*, 271 U. S. 472, 474.

Wells, who had been employed as an extra brakeman for a few months, was on the day of the injury the rear brakeman on a local freight train containing ten cars. After stopping at a station where some switching was done, the train was coupled up on the main track, on a down grade, in readiness to proceed on its journey. The engineer, fireman and head brakeman were in the cab of the engine. The engineer was on the right side, and the fireman on the left, it being his duty to take signals from that side and pass them to the engineer. The conductor and flagman were in the caboose at the rear of the train, and Wells was standing on the left of the train, near the caboose. Wells gave a signal to the fireman for the train to go ahead; and the fireman then went down into the deck of the engine to shovel in coal. Just after this signal was given Wells was told by the conductor to throw a derail switch on the left of the main track, some fifty feet from the caboose. After doing this, finding that the train had already started, he ran back. When he reached the train it had gone about fifty feet and was moving from eight to ten miles an hour. The cars had then passed him and he started to get on the caboose. He testified

---

[1] 35 Stat. 65, c. 149.

that as he caught the grab iron he stepped on a big piece of coal, his foot turned and he " went down and the engine gave an unusual jerk " which threw him loose from the train, and he fell on the ground, his knee striking on the cross ties, breaking the kneecap and otherwise injuring him.   He also testified, on cross examination, that while the running in of slack on freight trains jerks or lurches them to a certain extent, this was a severe jerk such as he had never experienced before on a train; and, finally, that although he had seen such jerks on through freight trains, he had never seen them in local freights.   The plaintiff offered no other evidence as to the cause of the injury.

All the other members of the train crew were introduced as witnesses by the defendant.   Their testimony was to the effect that it was not the duty of the engineer before starting to look out for the men who might be on the other side of the train, that being the duty of the fireman; that when the engineer pulled out he did not know where Wells was; that he started in the ordinary way, with open throttle, and did nothing in operating the engine that could cause a sudden or unusual lurch of the train; that after a freight train starts there are usually jerks or lurches caused by the running-out of the slack between the cars; that after the slack runs out the engineer cannot give any jerk or lurch to the train even by suddenly putting on steam; and that at the time of the injury there was in fact no unusual jerk or lurch of the train.   No rebuttal evidence was offered.

It is urged here in behalf of Wells that, despite this evidence, the question of the engineer's negligence was properly submitted to the jury because of an inference to be drawn from Wells' own statement that " the engine gave an unusual jerk " which was more severe than any he had ever experienced or seen on a local freight train.   We cannot sustain this contention.   In the first place, there

was no evidence that the engineer knew or should have known that Wells was not on the train, but was attempting to get on it after it had started and was in a situation in which a jerk of the train would be dangerous to him. See *Texas & Pacific Railway* v. *Behymer,* 189 U. S. 468, 470. Aside from this, Wells' statement that the jerk was given by the engine, was, obviously, a mere conjecture, as he was then at the side of the caboose, ten car lengths away, where he could not see what occurred on the engine. And his opinion that the jerk was unusual and severe as compared with those which he had previously experienced on local freight trains, had no substantial weight; his situation on the ground by the side of the moving train, after his foot had turned on the piece of coal and he had gone " down," being plainly one in which he could not compare with any accuracy the jerk which he then felt with those he had experienced when riding on freight trains.

In short, we find that on the evidence and all the inferences which the jury might reasonably draw therefrom, taken most strongly against the Railway Company, the contention that the injury was caused by the negligence of the engineer is without any substantial support. In no aspect does the record do more than leave the matter in the realm of speculation and conjecture. That is not enough. *Patton* v. *Texas & Pacific Railway,* 179 U. S. 658, 663; *Chicago, M. & St. P. Railway* v. *Coogan,* 271 U. S. 478.

As the jury should have been instructed to find for the defendant, we have no occasion to consider other questions which have been argued in reference to the charge to the jury.

The judgment is reversed, and the cause remanded to the Supreme Court of Mississippi for further proceedings not inconsistent with this opinion.

*Reversed.*