JENNIE FEURT v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

November 1, 1929.

No. 27,508.

[1] Reported in 227 N. W. 212.

*O'Brien, Horn & Stringer,* for appellant.
*Stiles & Stiles* and *Duvall & Boyd,* for respondent.

HOLT, J.

Appeal by defendant from an order denying its motion in the alternative for judgment non obstante or a new trial.

The action is to recover for the wrongful death of Gabe Feurt, alleged to have been caused by the negligence of defendant. Defendant operates interstate railway lines between Chicago, Illinois, and Minneapolis, Minnesota, and Kansas City, Missouri, running through Montpelier, Iowa. A few miles west of the last named place its double track line is carried across a gully by a bridge of about 140 feet in length. The trusses and supports of the bridge are all beneath the ties. Feurt was a bridge carpenter, for 18 months in the employ of defendant, and was engaged with four other men in laying a board walk between the two tracks across this bridge. The bridge runs east and west. Feurt, at about 3:30 in the afternoon of July 19, 1928, was tightening guard rail bolts near the west end of the bridge and on the eastbound or south track, when the whistle of an eastbound freight train announced its approach. Feurt got out of its way and went across the tracks for a drink of water from a jug placed near the west end of the bridge, then took his position facing southwesterly, upon the north end of a crosstie of the north or westbound track 10 or 11 feet west of the west end of the bridge. As he stood thus, evidently looking at the passing

freight train, a passenger train of defendant traveling at 45 miles per hour approached from the east. Trott, the engineer in charge of the passenger train, noticed the bridge crew when about a mile distant. When within about 800 feet of the bridge he gave the customary warning to the men—a crossing whistle. The three men who were at the east end of the bridge went north of the tracks out of danger. When within 400 feet of the bridge Trott, observing that Feurt did not change his position, gave the stock alarm whistle, consisting of four short, rapid blasts. This he kept up until Feurt was struck. When within 200 feet of Feurt he applied the emergency brakes and sanded the track, but the locomotive traveled some 400 feet after striking Feurt before the train was brought to a stop. Feurt was thrown about 20 steps and was dead when reached by his companions. The latter, like Trott, appreciated the peril to which Feurt was exposed and tried to warn him by yelling and throwing rocks at him, but to no purpose.

The federal employers liability act as interpreted by the Supreme Court of the United States governs the rights of the parties here. New York Cent. R. Co. v. Winfield, 244 U. S. 147, 37 S. Ct. 546, 61 L. ed. 1045, L. R. A. 1918C, 439, Ann. Cas. 1917D, 1139; Gulf M. & N. R. Co. v. Wells, 275 U. S. 455, 48 S. Ct. 151, 72 L. ed. 370; Atlantic C. L. R. Co. v. Davis, 279 U. S. 39, 49 S. Ct. 210, 73 L. ed. 230; McLain v. C. G. W. R. Co. 140 Minn. 35, 167 N. W. 349, 12 A. L. R. 688. It is not disputed that Feurt was engaged in interstate commerce as the servant of defendant when he met death. And plaintiff conceded, before introducing any evidence, that Feurt's own negligence contributed thereto and should diminish the recovery. So only two issues were submitted to the jury, namely, defendant's negligence and Feurt's assumption of the risk. If the evidence warranted the jury in finding thereon in plaintiff's favor, the amount of recovery is not questioned.

In our judgment the evidence neither shows nor permits the inference that defendant was negligent. Its negligence is to be found, if at all, in the acts or omissions of Trott, its servant. He saw Feurt and the other three men and gave the customary warning

whistle. His train was not going at an unusual speed for passenger trains. He could expect that the whistle given would adequately warn the men until he noted that it did not. Of course he saw and had to appreciate that the rumbling of the freight train on the bridge then passing within a few feet of Feurt was greatly interfering with the latter's hearing. At the rate the passenger train was running, he had no more than given the crossing whistle than he began to give the stock alarm whistle of short, rapid, successive blasts. This warning was kept up until the man was struck. When within 200 feet of him, Trott, realizing that whistling failed to attract attention, made an emergency stop, but to no avail. Could a jury on these facts find Trott was guilty of negligence because he did not sooner undertake to stop?

From the photograph introduced by plaintiff it appears that Feurt was not standing upon a tie on the bridge proper, but some 10 feet west of the west end, at a place where there was ground enough off the tie to stand in safety by merely moving a step to the north. It was not a case where Trott saw Feurt in a place where he had no way of instantaneous escape, as, for instance, if he had been standing somewhere upon the bridge. One in charge of a railroad train is not expected to slow down or stop when employes of the railroad or others are discovered on or too near the track, but he is expected to use the means at hand to warn the one exposed to peril. Here Trott did give such warning incessantly and in the most pronounced form. No ordinary person observing Feurt in the position he was, where but a single step not requiring half a second of time would have placed him in safety, could have anticipated that the piercing stock alarm whistling would not attract his attention in time for his escape. But we think Trott did more. When 200 feet from Feurt an emergency stop was made, and there is no testimony that it was not made as quickly as it was possible to make a stop with proper equipment.

The facts as to speed of train, giving of warnings, and effort to stop are much like those appearing in Greisch v. M. St. P. & S. S. M. Ry. Co. 160 Minn. 83, 199 N. W. 517, where we held the evidence

was not sufficient to warrant the submission of the engineer's negligence to the jury. The facts in Erickson v. St. P. & D. R. Co. 41 Minn. 500, 43 N. W. 332, 5 L. R. A. 786, upon which respondent relies, are not the same as in this record. More in point is Johnson v. Truesdale, 46 Minn. 345, 48 N. W. 1136. It also appears that Trott did all to warn employes on or near the track which the court stated should be done in Schulz v. C. M. & St. P. Ry. Co. 57 Minn. 271, 59 N. W. 192.

The undisputed facts viewed from another legal angle would seem to lead to the conclusion that as a matter of law Feurt assumed the risk in taking the position he did take in the path of the passenger train. He was an experienced employe. He knew that as to employes working about tracks approaching trains gave only the customary warning whistle and were not expected to slow down or stop. When therefore he partly turned his back to the only direction from which a train might come with knowledge and appreciation that the noise and clatter of the passing freight train interfered with his hearing, he assumed the risk arising from the failure of the usual warnings to reach him. Assumption of risk, if established, is a defense in this case where the injury and death were not due to defendant's violation of any statute enacted for the safety of employes. Seaboard A. L. Ry. v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Pryor v. Williams, 254 U. S. 43, 41 S. Ct. 36, 65 L. ed. 120. And under the facts of this case the contributory negligence of Feurt may also be held the sole proximate cause of his death within the principle of such cases as Southern Ry. Co. v. Gray, 241 U. S. 333, 36 S. Ct. 558, 60 L. ed. 1030; Atlantic C. L. R. Co. v. Davis, 279 U. S. 39, 49 S. Ct. 210, 73 L. ed. 230; Atlantic C. L. R. Co. v. Driggers, 279 U. S. 787, 49 S. Ct. 490, 73 L. ed. 556.

The court erred when judgment notwithstanding the verdict was denied. In view of this conclusion other errors assigned need not be noticed.

The order is reversed, and the cause is remanded with direction to enter judgment in favor of defendant.