## THEODORE L. GRAHAM v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

October 10, 1930.

No. 27,969.

*John E. Palmer* and *Henry H. Sullivan,* for appellant.
*Alphonse A. Tenner,* for respondent.

[1]Reported in 232 N. W. 341.

STONE, J.

In this action by a railroad employe for personal injuries, defendant appeals from a judgment entered on a verdict for plaintiff.

The action is under the federal employers liability act. Plaintiff was injured while engaged in washing a locomotive in the Shoreham shops of defendant in Minneapolis. The engine had just been put on the washing rack by a hostler and his assistant. Both left the cab before the washing began. It was the custom and rule that no one should be in the cab during the washing. The latter operation was carried on by two men, one on each side of the engine. Each worked with a hose and nozzle by which he directed a mixture of very hot water and kerosene onto the running gear and other parts to be cleaned. Plaintiff claims that while working near the cylinder on his side of the engine somebody started it; that the sudden discharge of steam and hot water from the cylinder cocks so scared him that he jumped backward, stumbled over the hose with which he was working, fell and became entangled in the hose in such manner that he was burned by the discharge of hot water and oil from the nozzle.

Plaintiff does not claim that the locomotive moved far. He does say unequivocally that it was moved a short distance and that steam and hot water were discharged from the cylinder cocks on his side of the engine. His story is in conflict with a weight of evidence which makes it simply impossible. There is in the record the testimony of the hostler and helper who spotted the engine on the washrack, accompanied by that of the hostler and helper who removed the engine after the accident. Other employes engaged in the immediate vicinity, some of them close to the engine, also testified. The whole record taken together negatives, to the point of demonstration, plaintiff's claim that the engine moved at all. But we may pass that phase of the case. The fact, fatal to plaintiff's case, remains that there is an utter absence of testimony that the engine was moved by any agent of defendant. Plaintiff does not claim to have seen anyone at the throttle or even in or near the cab. The man washing on the other side not only says that there was no one

in the cab but also that the engine was not moved. The testimony of numerous other witnesses is to the same effect. Plaintiff failed to bring home to defendant the alleged negligence of which he complains. Under the applicable rule, a judgment in his favor cannot stand unless it is supported by evidence reasonably tending to support it. McDonald v. G. N. Ry. Co. 166 Minn. 87, 207 N. W. 194; Gulf, M. & N. R. Co. v. Wells, 275 U. S. 455, 48 S. Ct. 151, 72 L. ed. 370. In consequence the judgment must be reversed.

So ordered.

WILSON, C. J. (concurring).

I concur in the result.