# L. MEISENHELDER v. H. E. BYRAM AND OTHERS.[1]

## No. 27,692.

### December 19, 1930.

*Tautges, Wilder & McDonald,* for appellant.
*F. W. Root, C. O. Newcomb,* and *A. C. Erdall,* for respondents.

OLSEN, J.

Plaintiff appeals from a judgment in favor of defendants. The action is one to recover damages for the death of plaintiff's intestate while employed in interstate commerce as a brakeman by the receivers of the Chicago, Milwaukee & St. Paul Railway Company. There was a verdict for plaintiff. On defendants' alternative mo-

[1]Reported in 233 N. W. 849, 236 N. W. 195.

tion for judgment notwithstanding the verdict or a new trial, the court granted judgment for the defendants, and this appeal followed.

The action is brought under the federal safety appliance act and the federal employers liability act. Two grounds for recovery are alleged and were submitted to the jury. First, it is claimed that there was a defective coupler on one of the cars, a defective appliance which caused the injury and death of decedent.. Second, it is claimed that his injury and death were caused by negligence on the part of his fellow servant, the engineer, in backing the engine and two cars attached thereto up against the third car while the decedent was in between the second and third cars.

The accident happened at Freeport, Illinois, while the freight train on which the decedent was employed was engaged in switching operations. At the time of the accident the engine and three freight cars attached thereto were being backed onto a sidetrack, to set out on that track the third car back of the engine. While the engine and three cars were so moving backwards, the coupling between the second and third cars was opened, and the third car, the one to be set out, separated from the others, leaving a space of a few feet between the second and third cars. This caused the air hose to disconnect and to release the air and set the brakes. The third car stopped, but the other two cars, being pushed by the engine, continued to move slowly and again closed the gap between the second and third cars. The decedent, while the engine and cars were moving, went in between the second and third cars and was caught and crushed between the couplers thereon as the cars came together.

The claim that the coupler was defective is based on some evidence that, while the cars were moving, the decedent, then riding in the stirrup of one of the cars, several times pressed his foot upon the pin lifter extending out to the corner of the car. Whether the slack was in or out at the time is a matter of conjecture. In switching operations engines and cars move irregularly, speed up, slow down, start and stop. If the slack was out so there was a strain

on the pin, it is conceded that the pin lifter would not and was not intended to lift the pin. It is clear also that the pin did lift and the cars uncouple before decedent went in between the cars. There is no evidence that the pin was lifted by hand without the use of the pin lifter. There is testimony of one witness that after the accident the cars did not automatically couple on the first attempt, a not unusual occurrence. But at that time the coupler knuckles had suffered the impact in which decedent's body was injured, and the reasonable inference is that one or both of the knuckles had become partly closed or had moved. Against any inference that the coupler was defective is the undisputed evidence that there was no mechanical defect in the coupler and that it worked properly both before and after the accident.

That a coupler fails to operate by use of the pin lifter, under proper conditions, is some evidence of a defective condition. But we fail to find any evidence reasonably showing that this coupler or pin lifter so failed. The evidence was insufficient as a matter of law to justify any recovery on the ground of an alleged defective coupler appliance.

■ On the question of the alleged negligence of the engineer in failing to stop the engine and two cars attached thereto, or negligently backing the cars so as to bring them against decedent's body, there is evidence by one witness that decedent came out from between the cars before he was injured and gave a stop signal. The engine and two cars were then in motion and the space between the second and third cars was very small. The engineer testified that no such signal was given or seen by him. If we assume that such signal was given, the danger of going in between the moving cars, without waiting a moment to see if the signal was seen and understood by the engineer, was so obvious and the act of the decedent so reckless that it must be held that he assumed the risk or that his own act was the sole proximate cause of his injury. There was no object in then going between the cars to examine or adjust the couplers, for the cars were already uncoupled; and if, as suggested, he went in to close the angle cock on the air line, there was no

reason for so doing, for the brakes were then set and the cars would have and did come to a stop in a moment's time. The facts shown are not sufficient to charge the defendants with negligence or to permit recovery.

We do not find it necessary, or likely to be useful, to attempt to set out or analyze decisions of this or the federal courts. The following cases may be referred to: Patton v. T. & P. Ry. Co. 179 U. S. 658, 21 S. Ct. 275, 45 L. ed. 361; C. M. & St. P. Ry. Co. v. Coogan, 271 U. S. 472, 46 S. Ct. 564, 70 L. ed. 1041; G. M. & N. R. Co. v. Wells, 275 U. S. 455, 48 S. Ct. 151, 72 L. ed. 370; T. St. L. & W. R. Co. v. Allen, 276 U. S. 165, 48 S. Ct. 215, 72 L. ed. 513; D. L. & W. R. Co. v. Koske, 279 U. S. 7, 49 S. Ct. 202, 73 L. ed. 578; Chesapeake & Ohio Ry. Co. v. Stapleton, 279 U. S. 587, 49 S. Ct. 442, 73 L. ed. 861; Atlantic C. L. R. Co. v. Driggers, 279 U. S. 787, 49 S. Ct. 490, 73 L. ed. 957; Stemper v. C. M. & St. P. Ry. Co. 167 Minn. 379, 209 N. W. 265; O'Dea v. Byram, 176 Minn. 67, 222 N. W. 519; Pullen v. C. M. St. P. & P. R. Co. 178 Minn. 347, 227 N. W. 352; Feurt v. C. R. I. & P. Ry. Co. 178 Minn. 395, 227 N. W. 212; Meisenhelder v. Byram, 178 Minn. 417, 227 N. W. 426; Vorbrich v. Geuder & Paeschke Mfg. Co. 96 Wis. 277, 71 N. W. 434; Chybowski v. Bucyrus Co. 127 Wis. 332, 106 N. W. 833, 7 L.R.A. (N.S.) 357.

We have not overlooked the testimony of one witness as to statements claimed to have been made to him by the decedent immediately after he was injured, nor other testimony and claimed inferences pointed out by counsel for each party.

Defendants' motion to substitute a proper plaintiff or to have plaintiff's name changed, and plaintiff's motion to strike out portions of defendants' brief, are each denied.

Judgment affirmed.

DIBELL, J. (dissenting).

I dissent.

The decedent was in the stirrup of the second car back trying to make the automatic coupler work by the use of the pin lifter as it should do when properly applied. The slack was in, or at least the train was backing slowly, and the jury could so find. There

was no pull. The fireman, two cars and the tender away, saw the decedent turn the switch and get on the car. He was attentive to the movement. He says the decedent stepped on the pin lifter "at least half a dozen times anyhow, if not more." If all was right it should have worked. That is what safety appliances are for.

The decedent then got down from the car and disappeared between the second and third cars. The hose broke and the air set. The decedent was pinned between the couplers and crushed to death.

The decedent was a man of 25 and of short railway experience— from August 4 to September 7. Before that he had worked on a farm except for about a year in a factory. He was a so-called "green" hand. The conductor said that the reason why he and the rear brakeman switched was because the decedent "was a new man and I was a new man as a conductor, and I didn't want to see the man get hurt." The decedent may have been negligent. His negligence would go only to damages. If a defective safety appliance was the cause, neither contributory negligence nor assumption of risk would be a defense. To make a recovery of course there must have been a defective appliance or negligence of the defendants. It may be that it was because of the defective pin lifter failing to work that the deceased was caught. The deceased's res gestae statement was:

"I couldn't get the pin with the pin lifter, and I had to step in between, and while I was lining up the draw bar, he came back on me."

Holding that the deceased assumed the risk as a matter of law is going a great way; and if his death is to be ascribed to his own fault, it is calling contributory negligence assumption of risks. It is to be gathered from what occurred when the motion for judgment notwithstanding the verdict was granted it was thought by the court that testimony present and essential to a recovery was untrue. In my judgment its credit was for the jury.

HILTON, J.
I dissent.

LORING, J. took no part.

620

On April 10, 1931, the following opinion was filed:

PER CURIAM.

All questions raised on reargument have been duly considered.

Objection is made to the statement in the former majority opinion that "whether the slack was in or out at the time is a matter of conjecture." The statement, in the connection in which it was made, is not considered important or likely to cause misapprehension. The statement that "the decedent, while the engine and cars were moving, went in between the second and third cars," is challenged. To be strictly accurate the statement should be that the third car was then standing still and the engine and two other cars moving towards the third. All other objections have been considered.

The former majority opinion is adhered to.