**PITCAIRN et al. v. BRANDES.**

**No. 7111.**

Circuit Court of Appeals, Sixth Circuit.

Feb. 11, 1937.

S. Q. Pulver, of Owosso, Mich., and Gustavus Ohlinger, of Toledo, Ohio (George H. Beckwith, of Toledo, Ohio, on the brief), for appellants.

Ralph M. Freeman and Philip Elliott, both of Flint, Mich. (Myron Winegarden and Basil Baker, both of Flint, Mich., and H. B. Teegarden, of Washington, D. C., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal by the receivers of a railroad from a judgment rendered in a personal injury action arising out of a collision between a railroad locomotive and an automobile. Suit was instituted by the father as guardian of the injured person, his minor daughter. The jury returned a verdict for $46,500.

The automobile was driven by the child's mother at the time of the accident. The only claim of negligence against the railroad submitted to the jury arose out of the fact that the railroad company had failed to repair the sign required by the Michigan statute (Comp.Laws Mich.1929, § 11181) to be maintained at all railroad crossings. The sign, which was of the usual cross-arm construction and of proper height, had been broken off by an automobile the day before the accident and shortly thereafter had been replaced by the repair crew. As re-erected, it lacked the cross-arm bearing the word "Rail," but presented three cross-arms with the words "Road" and "Crossing" in the usual large letters. The top of the post was eight and a half feet above the ground and six feet eight inches above the pavement. The cross-arms were from six to eight inches higher than the top of the post. The controlling question is whether the railroad's failure to repair this sign is the proximate cause of the accident.

Assuming that there was substantial evidence of negligence in failing to replace the cross-arm on the sign, we think appellant's motion for directed verdict should have been sustained. There is no evidence in this record that the condition of the sign proximately caused or contributed to the collision. The sign was on the left-hand or western side of a north and south highway upon which the automobile was proceeding in a northerly direction. Numerous witnesses stated that the train was giving unusually loud signals with bell and whistle, the whistle being heard half a mile away. The driver testified that her windows were open, that no breeze was blowing, but that she heard no sound. She stated that she was driving at least forty miles an hour as she approached the crossing, but others testified that her speed was fifty miles an hour. 360 feet from the crossing on her right was the Michigan state highway sign required to be erected at the approach to all railroad crossings (Comp.Laws Mich. 1929, § 11 404) and giving her notice of the crossing. Although she understood the significance of such signs, she did not see this one. 170 feet south of the crossing on her right was a state highway sign calling her attention to a crossroad, which she also did not see. About 1,000 feet from the crossing she saw a car approaching from the north on the east side of the pavement. This car returned to its own side of the road, and the driver passed it at about 150 feet from the crossing. She then left the highway, turned sharply to her right across a pile of sand, drove over the railroad embankment, across the rails, and the rear of her automobile was caught by the locomotive about 48 feet from the right edge of the paved portion of the highway. She did not apply the brakes nor slacken her speed at any time before the collision.

Unquestionably the issue of proximate cause must be submitted to the jury if there is substantial evidence to support it, but if the absence of the cross-arm did not proximately cause the accident, or directly contribute thereto, the motion for directed verdict should have been sustained, whether or not the railroad company was negligent. We find in this record no causal connection between the broken sign and the collision. Granting that the driver's attention was momentarily diverted by the approaching car, she had passed this safely, and still had time in which to stop before she reached the track. The whistle and the bell were sounding continuously, but she did not hear them. Her lack of attention and her failure to slacken speed, which are established not only by her own testimony,

but by that of eye-witnesses, constituted an independent intervening cause and therefore the sole proximate cause of the accident. Cf. Gulf, Mobile & Northern R. Co. v. Wells, 275 U.S. 455, 48 S.Ct. 151, 72 L.Ed. 370; Great Northern Ry. Co. v. Wiles, Adm'r, 240 U.S. 444, 36 S.Ct. 406, 60 L.Ed. 732; Louisville & Nashville R. Co. v. Davis, 75 F.(2d) 849 (C.C.A.6); Pere Marquette Ry. Co. v. Haskins, 62 F.(2d) 806 (C.C.A.6); Orton v. Pennsylvania R. Co., 7 F.(2d) 36 (C.C.A.6); Gwyn v. Cincinnati, N. O & T. P. Ry. Co., 155 F. 88 (C.C.A.6); Winters v. Baltimore & Ohio R. Co., 177 F. 44 (C.C.A.6).

The judgment is reversed and the cause is remanded for further proceedings in conformity with this opinion.