## MAGIC EMPIRE EXPRESS CO. et al. v. YELLOW DIME CAB CO. et al.

No. 34259.   Dec. 26, 1950.

*226 P. 2d 422.*

Pierce, Rucker, Mock, Tabor & Duncan, Tulsa, for plaintiffs in error.

G. C. Spillers and G. C. Spillers, Jr., Tulsa, for defendant in error W. S. Knight.

Harlan S. Trower, Jack I. Gaither, and Jack J. Ferguson, Tulsa, for defendant in error Yellow Dime Cab Company.

ARNOLD, V. C. J. This is an appeal from an order granting new trial in an action for personal injuries sustained by W. S. Knight, a pedestrian, when he was struck by a vehicle of either the Magic Empire Express Company, a corporation, or the Yellow Dime Cab Company, a corporation.

The jury returned a verdict against the Yellow Dime Cab Company and exonerated the other defendants, Thom-

as Hurd, Jr., and Magic Empire Express. The plaintiff and Yellow Cab filed motions for new trial, which were, sustained by the trial court. The defendants, Thomas Hurd, Jr., and Magic Empire Express Company, appeal from the trial court's order granting a new trial.

Specific acts of negligence were alleged against each defendant. The joint and concurrent negligence of the cab company and the Magic Empire Express were alleged to have caused the injuries.

For answer the defendants Thomas Hurd, Jr., and Magic Empire Express Company pleaded a denial of the accident, unavoidable accident, and contributory negligence. The answer of the cab company consisted of a general denial.

At the close of plaintiff's evidence the defendants interposed separate demurrers. At the close of all the evidence the defendants Thomas Hurd and Magic Empire Express moved for a directed verdict because the evidence allegedly was insufficient to make out a cause of action against them. All the defendants moved the court to require the plaintiff to elect which defendant he chose to go against, since there was no evidence in the trial of joint negligence on the part of the several defendants. All demurrers and motions were overruled and exceptions taken.

In support of the proposition that the trial court abused its discretion in sustaining plaintiff's motion for new trial, it is argued that the motion for directed verdict should have been sustained because:

"(1) The plaintiff's proof that one or the other of the defendants was negligent does not prove a cause of action";

and:

"(2) There was no evidence of separate actionable negligence on the part of Thomas Hurd or Magic Empire Express."

As to Hurd, and therefore as to the Magic Empire Express, the evidence shows that Hurd drove the truck into the intersection in violation of a city ordinance, turned to the right and across the line of travel of plaintiff who had already entered the street, and when the truck had passed beyond the line of travel of plaintiff, the body of plaintiff was lying in the street badly injured. The evidence is positive that the cab did not hit plaintiff and to the effect that nothing but the truck could have hit him; that the driver of the Magic truck heard a yell and a bump. The evidence of the Magic Empire is positive that the cab was the vehicle that struck plaintiff. Other evidence by appellant defendants was to this effect.

On the question of who hit the plaintiff the evidence is in sharp conflict, but conclusively shows no concurrent action of the two sets of defendants. Under these circumstances the trial court should have sustained the demurrers to the evidence or directed verdict for all defendants or required an election. Proof of separate nonconcurring negligence on the part of two defendants does not establish a cause of action against either. Searles v. Manhattan Railway Co., 1 N. Y. 661, 5 N. E. 66; Selby v. S. Kann Sons Co., 64 App. D. C. 36, 73 F. 2d 853, 857; Patton v. Texas & P. Railroad Co., 179 U. S. 658, 21 S. Ct. 275, 45 L. Ed. 361; New York Central R. Co. v. Ambrose, 280 U. S. 486, 50 S. Ct. 198, 74 L. Ed. 562; Gulf, M. & N. R. Co. v. Wells, 275 U. S. 455, 48 S. Ct. 151, 72 L. Ed. 370; Delaware L. & W. R. Co. v. Koske, 279 U. S. 7, 49 S. Ct. 202, 73 L. Ed 578; Looney v. Metropolitan Railroads, 200 U. S. 480, 26 S. Ct. 303, 50 L. Ed. 564.

The court submitted the case to the jury instructing it that since there was no evidence of concurrent negligence that only one set of defendants could be held—this depending on which struck plaintiff, the determination of which question was left to the jury. The exoneration of the Magic Empire Express

and Hurd and verdict against the cab company shows no confusion on account of the erroneous submission of the case without an election. The trial judge granted a new trial because he thought there had been a miscarriage of justice. There is nothing else for a trial judge to do except set aside a verdict which he cannot conscientiously approve. Shreve v. Cornell, 182 Okla. 193, 77 P. 2d 1; Moses v. Miller, 196 Okla. 294, 164 P. 2d 879.

There was evidence of negligence on the part of Hurd and therefore of the Magic Empire Express and evidence of its proximate relationship to the injuries claimed. The trial judge evidently thought that the exoneration of these defendants if the verdict were approved would constitute a miscarriage of justice. No trial judge under such conviction could conscientiously approve a verdict and would have no alternative. The fact that the trial court erroneously submitted the case without an election makes no difference. That error will no doubt be obviated in a retrial of the case.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, and JOHNSON, JJ., concur. O'NEAL, J., dissents.